547 So.2d 1279 (1989)
John R. LAWSON and Bradley S. Lawson, Appellants,
v.
Eugene LONGO, Appellee.
GREG O'BERRY, INC., Appellant,
v.
Eugene LONGO, Appellee.
No. 89-513.
District Court of Appeal of Florida, Third District.
August 29, 1989.
*1280 Browning and Associates, and Charlene G. Guller, Key West, for appellants.
Frigola, DeVane & Wright, and James J. Dorl, Marathon, for appellee.
Before HUBBART, FERGUSON and GERSTEN, JJ.
GERSTEN, Judge.
This is an appeal from a post-judgment order granting a new trial and a sua sponte order of recusal by the trial judge. We reverse.
In the underlying action, appellants John and Bradley Lawson (purchasers) were awarded specific performance of a real estate contract with appellee Eugene Longo (seller). Appellant Greg O'Berry, Inc. (agent), who had represented the purchasers and had held the listing on the property, recovered a commission.
Appellants and appellee dispute certain facts and the chronology of events pertaining to the recusal, but the record reveals the following events: At the beginning of the non-jury trial, the seller's attorney inquired of the judge whether he had had any previous business dealings with the real estate agent. The judge stated that he had not. The next day, the judge recalled that the agent had, in fact, handled a piece of residential property for him. Having thus raised the possibility of disqualification himself, the judge then stated:
I don't feel anything ... It's up to you all ... I'm upset with O'Berry for not pushing my sale in Key West. Maybe he wants to disqualify me. I don't feel anything either way. I don't feel for O'Berry or against O'Berry.
Before resuming the trial, the judge further said to both attorneys, "I want to hear from both of you on whether you want me to sit on this case or not." Both attorneys responded that they had no objection to the judge's continuing to hear the case. The seller's attorney added, "[w]e're confident with the court's impartiality." After conclusion of the trial, the judge entered a final judgment, in which he ordered conveyance of the property to the purchasers and payment of a commission to the agent.
Nine days after the final judgment was entered, the seller moved for a rehearing and/or clarification, on six grounds. The last ground was that the judge had failed to timely inform the seller of the judge's prior business dealing with the agent. The seller's attorney mentioned, for the first time, that the judge's listing of his property with the agent had occurred approximately two years before.
At the hearing on the seller's motion for rehearing and/or clarification, the judge considered several grounds before stating to the seller's attorney, "I'm going to deny your motion for rehearing." The seller's attorney then argued the second, fourth, and fifth grounds. Finally, when the last ground was argued, the judge said:
I'm going to recuse myself... . I'll give you a new hearing... . I'm recusing myself. Even though this case has no basis for disqualification.
Thereafter, the judge entered a Certificate of Recusal, based on "the mandatory requirements of F.S. 38.10[1] ... even though I am of the opinion that there was no basis for the [seller's] request." On the same day, the judge entered an order granting the seller's motion for rehearing.
The purchasers and the agent's primary contentions on appeal are: 1) the court erred in recusing itself because the time for such recusal had passed and the grounds therefore had been waived; and 2) the court erred in granting the seller's motion for rehearing in that he had already ruled against the motion prior to recusing himself.
*1281 A party is generally precluded on appeal from raising the issue of bias of the trial judge where the party has failed to timely move for disqualification. Hatcher v. Roberts, 538 So.2d 1300 (Fla. 1st DCA 1989). The Supreme Court of Florida addressed the question of timeliness in Ball v. Yates, 158 Fla. 521, 29 So.2d 729 (1946), cert. denied, 332 U.S. 774, 68 S.Ct. 66, 92 L.Ed. 359 (1947). The well-settled proposition is that the law "does not favor the substitution of a Judge or Justice in a cause after decision which essentially carries a benefit to the successful party." Ball, 29 So.2d at 735. "The policy of the law as expressed in the statute is that suggestions of disqualifications shall be filed before ... decisions are rendered and not afterward unless the delay is excused by good cause shown." Ball, 29 So.2d at 734; see Fischer v. Knuck, 497 So.2d 240 (Fla. 1986); Data Lease Financial Corp. v. Blackhawk Heating & Plumbing Co., Inc., 325 So.2d 475 (Fla. 4th DCA 1976).
In Fischer, the Florida Supreme Court found the motion for disqualification untimely, because it had not been raised until after the trial judge had announced his decision, from which the petitioner had suffered an adverse ruling, and, further, because the motion had shown no good cause for delay.
Here, the seller waited, having knowledge of the alleged ground for recusal from the second day of trial, until well after final judgment, which was adverse to him. By doing nothing to affirmatively promote or protect the issue of the possible recusal, the seller can be said to have sat on his rocking chair, watching the trial meander by. It is now too late and he has shown no good cause for delay.
In addition, the seller expressly waived, on the record, the recusal of the judge. The seller knew from the second day of trial the actual value of the single transaction which occurred between the judge and the real estate agent. The seller's attorney stated that he had no objection to the judge's continuing, and expressed his confidence in the court's impartiality. The seller cannot now be permitted to contend that the nature of this one-time transaction, two years before, could prejudice the judge. See Schwartz v. Schwartz, 431 So.2d 716 (Fla. 3d DCA 1983); Data Lease Financial Corp. v. Blackhawk Heating & Plumbing Co., Inc., 325 So.2d at 478.
The seller, in contending there was no error in the recusal, incorrectly relies on In re Estate of Carlton, 378 So.2d 1212 (Fla. 1979), cert. denied, 447 U.S. 922, 100 S.Ct. 3013, 65 L.Ed.2d 1114 (1980). In Carlton, the Supreme Court of Florida held that sections 38.02 and 38.10, Florida Statutes, were no longer applicable to appellate judges. The question of recusal pertained to a supreme court justice. The court receded from Ball, in holding that "each justice must determine for himself both the legal sufficiency of a request seeking his disqualification and the propriety of withdrawing in any particular circumstances." In re Estate of Carlton, 378 So.2d at 1216. Carlton is thus inapplicable.
In the present case, it is unnecessary to reach the remaining arguments presented. Because the request for recusal was untimely, and the issue of recusal was waived, the recusal was improper. If the recusal was improper, then the rehearing granted on the basis of the recusal was also improper. Therefore, the order granting the motion for rehearing and the order of recusal must be reversed, and the final judgment reinstated.
NOTES
[1] § 38.10, Fla. Stat. (1987), pertaining to disqualification on the grounds of prejudice or bias.