734 So.2d 1166 (1999)
Alma Jeanne SLIZYK, Appellant/Cross-Appellee,
v.
Steven Allen SMILACK, Appellee/Cross-Appellant.
No. 98-1838.
District Court of Appeal of Florida, Fifth District.
June 11, 1999.
Alma Jeanne Slizyk, New Smyrna Beach, pro se.
Steven A. Smilack of Steven A. Smilack, P.A., Fort Lauderdale, Appellee/Cross-Appellant.

ON MOTION TO STRIKE APPELLEE'S AMENDED REPLY BRIEF APPELLEE'S MOTION TO SUPPLEMENT THE RECORD AND MOTION TO PERMIT LONGER BRIEF
PER CURIAM.
In this overly contested dissolution appeal, the parties are appearing pro se, although the former husband, Steven Smilack, is an attorney licensed to practice law in this state. Both have filed multiple motions, which have little merit, the effect of which has been to delay this court's ability to process the appeal in a timely and efficient manner. They appear to be trying to mirror their conduct in the trial court, which took six years to resolve and involved over 1,100 docket entries and 70 pretrial hearings despite the fact that, at least superficially, the issues are not complex.[1]
The former wife, Alma Slizyk, filed a motion dated March 24, 1999 to strike Smilack's cross-reply brief on the ground it violates Florida Rule of Appellate Procedure 9.210(a)(2) by including footnotes which are single spaced which allows him to exceed the per-page limitation, by improperly *1167 attaching documents outside the record, and by not properly citing to the record. She also claims the cross-appeal brief and answer brief violate the same rule for the same reasons. In general, she complains that Smilack has made deliberate misrepresentations.
On March 29, 1999, Slizyk filed a motion to strike the amended reply brief. She complains that Smilack did not request permission to amend his reply brief and that she was given permission to amend her cross-answer brief only. She reiterates the complaints stated in the March 24, 1999 motion to strike.
On April 22, 1999, Slizyk filed an objection which reiterates the complaints she made in her March 24 and March 29 motions to strike.
Smilack replies that all of the objected to documents consist of papers filed in the lawsuit, except for one. He has filed a motion to allow him to supplement the record for six items which are not part of the record on appeal. We grant that motion and strike the document which was not filed in the record below.[2] Smilack argues that the former wife's briefs also fail to cite sufficiently to the record and if his briefs are to be stricken for this reason, hers should be also.
Except as stated above, we deny all the parties' pending motions. This court has inherent power to prevent abuse of court procedure by inter alia prohibiting pro se parties from appearing without the assistance of counsel. Day v. Vinson, 713 So.2d 1016 (Fla. 2d DCA 1998), Attwood v. Eighth Cir. Ct., Union County, 667 So.2d 356 (Fla. 1st DCA 1995).
We warn the parties that motions are not to be used to present arguments which should be addressed in the briefs. Diaz v. Florida Department of Corrections, 511 So.2d 669, 670 (Fla. 1st DCA 1987) nor to delay the progress of the appeal. The parties in this case have pushed the limit of this court's patience and tolerance. Should they continue to file spurious motions, this court will take action to prevent and punish continuing motion practice abuses.
Motion to Supplement the Record GRANTED; document filed outside the record is STRICKEN; all other motions DENIED.
W. SHARP, HARRIS and THOMPSON, JJ., concur.
NOTES
[1] This was a short-term marriage; no children are involved; the parties executed an antenuptial agreement; there are no substantial marital assets.
[2] An acknowledgment of B. Randall Griffiths of receiving documents.