815 So.2d 673 (2002)
Montgomery Blair SIBLEY, Appellant,
v.
Barbara SIBLEY, Appellee.
No. 3D02-102.
District Court of Appeal of Florida, Third District.
March 27, 2002.
Rehearing and Rehearing Denied May 22, 2002.
Montgomery Blair Sibley, in proper person.
Bette E. Quiat; Jay M. Levy, Miami, for appellee.
Before GREEN and SHEVIN, JJ., and NESBITT, Senior Judge.
Rehearing and Rehearing En Banc Denied May 22, 2002.
PER CURIAM.
The trial court entered its ruling after a lengthy evidentiary hearing, and father who appeals has not favored us with a trial transcript. The trial court's decision arrives here clothed with a presumption as to its correctness, and the burden is on the appellant to demonstrate error. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979). As here, where a transcript of the testimony or other substitute is not supplied to the appellate court, the court must accept the factual findings in the judgment as being correct and assume they are supported by competent substantial evidence. See Beniaminov v. Beniaminov, 789 So.2d 494 (Fla. 3d DCA 2001). The appellant's failure to provide us with a complete transcript of the testimony impacts upon all of the issues raised by him. For example, *674 appellant complains that he has not had a meaningful hearing, that he was deprived of the opportunity to present his case, and that he was limited in the evidence he could introduce. With no transcript, or proffer, however, there is no way for this court to decide if error has occurred. See Lucas v. State, 568 So.2d 18 (Fla.1990).
Affirmed.