885 So.2d 980 (2004)
Montgomery Blair SIBLEY, Appellant,
v.
Barbara SIBLEY, Appellee.
No. 3D03-2083.
District Court of Appeal of Florida, Third District.
November 3, 2004.
Order Granting Rehearing in Part December 8, 2004.
*981 Montgomery Blair Sibley, in proper person.
Jay M. Levy; Bette E. Quiat, Miami, for appellee.
Before COPE, GERSTEN and GREEN, JJ.
PER CURIAM.
Montgomery Blair Sibley (the former husband) appeals two post-judgment orders entered after dissolution of marriage. Final judgment in the dissolution action was entered in 1994 and there have been numerous post-judgment proceedings since that time. In this proceeding, the former husband appeals orders compelling payment of attorney's fees and tuition. We affirm those orders.
The former wife requests an order precluding the former husband, an attorney, from representing himself in further appeals in this court. We grant the request.

I.
The former husband appeals an order entered on July 1, 2003 ("the July 1 order") which required the former husband to pay the former wife, Barbara Sibley, $33,119.70 in attorney's fees within sixty days. This order enforced earlier attorney's fee awards which had already been entered against the former husband in prior proceedings.
On this appeal, the former husband argues that one of the underlying attorney's fee orders was entered in error and that the trial court erred in enforcing it. This argument is without merit.
The underlying attorney's fee order which the former husband is trying to attack was entered on March 4, 2003 ("the March 4 order").[1] The former husband appealed the March 4 order to this court, arguing procedural error. This court affirmed without opinion. Sibley v. Sibley, 866 So.2d 1223 (Fla. 3d DCA 2003) (table), cert. denied, ___ U.S. ___, 124 S.Ct. 2909, 159 L.Ed.2d 813 (2004). Since the former husband already appealed the March 4 order and this court already affirmed it, common sense and principles of res judicata dictate that the former husband cannot now mount a second appeal of the March 4 order.
*982 The former husband argues that a successive attack on the March 4 order is allowed as a result of the Florida Supreme Court's decision in Florida Department of Transportation v. Juliano, 801 So.2d 101 (Fla.2001). The former husband misunderstands the import of that decision. The Juliano case explains the law of the case doctrine, where there has been an interlocutory appeal followed by a later appeal from a final judgment. See id. at 106.
The Juliano decision does not apply here. The March 4 order was a final order awarding attorney's fees and it was appealed as a final order. The March 4 order is res judicata.
This court has explained that res judicata applies where, as here, there have been multiple final orders in post-dissolution proceedings.
[I]t does not matter that the issue-preclusive effect of the earlier adjudication is asserted later in the same case, rather than in separate, subsequent litigation. Probably because res judicata principles in general apply only to final, appealable determinations, see 33 Fla. Jur.2d Judgments & Decrees § 173 (1994), and successive final judgments in the same case are at least unusual, see Del Castillo v. Ralor Pharmacy, Inc., 512 So.2d 315 (Fla. 3d DCA 1987), it is true that the principle is often broadly and imprecisely stated as applying in subsequent "suits" or "actions." See 32 Fla. Jur.2d Judgments and Decrees § 140. Nevertheless, when there is indeed a final earlier adjudication, its "effect ... as res judicata is not confined in its operation to subsequent independent proceedings, but also applies to all collateral proceedings in the same action."
Utterback v. Starkey, 669 So.2d 304, 305 (Fla. 3d DCA 1996) (footnotes and citations omitted).
The former husband argues that it would work a manifest injustice for this court to enforce the March 4 order. The Florida Supreme Court "has long recognized that res judicata will not be invoked where it would defeat the ends of justice." State v. McBride, 848 So.2d 287, 291 (Fla.2003) (citations omitted).
The former husband argues that it would be a manifest injustice to enforce the March 4 order because the prior panel which affirmed the March 4 order did not write an opinion explaining the panel's reasoning. In the former husband's view, the prior panel was mistaken and should have written an opinion to explain the ruling. This is not a legally sufficient showing of manifest injustice. The district courts of appeal are allowed to issue affirmances without opinion. See R.J. Reynolds Tobacco Co. v. Kenyon, 882 So.2d 986 (Fla.2004).
The former husband argues that the claimed procedural errors in the entry of the March 4 order render the March 4 order void. The former husband moved for relief from judgment under Florida Rule of Civil Procedure 1.540, with respect to the March 4 order and relief was denied by the successor judge, Judge Wilson. That order is one of the orders on appeal herein. However, the former husband has not demonstrated any error in the order denying Rule 1.540 relief.

II.
The former husband next appeals a July 17, 2003 order compelling him to reimburse tuition expenses for two of the parties' children.
Under the parties' marital settlement agreement, the former husband is responsible for payment of educational expenses through college. See Sibley v. Sibley, 816 So.2d 136 (Fla. 3d DCA 2002).
The children are also beneficiaries of trusts set up for their benefit. A guardian ad litem currently serves as the trustee of those trusts. When the former husband *983 has failed to pay tuition, the trusts have made those payments. However, where that has happened, the trustee has requested that the trusts be reimbursed.[2]
In February 2003 the former wife filed a motion entitled "Emergency Motion to Permit Payment of Deposit for Minor Child, Montgomery Blair Sibley, Jr., at Palmer Trinity [School] and Summer School Tuition for Margaret Harper Sibley and Emergency Motion for Contempt for Failure to Pay Life Insurance Premium" ("the Emergency Motion").
After conducting hearings on March 10 and April 7, 2003, the trial court granted the tuition-related requests. The trustee was authorized to pay the tuition amounts. That part of the order is not challenged on this appeal.
The July 17 order also required former husband to reimburse two of the trusts, in the amounts of $18,130 and $7,207.50, respectively.
The former husband argues that the trial court should not have heard the motion because at that time of the hearing the former husband's seventh motion to disqualify the trial judge was pending.
We reject the former husband's argument, as the point has been waived. The former husband correctly argues that when a motion for disqualification or recusal is pending, it is the court's duty to rule on that motion before ruling on anything else. See Fuster-Escalona v. Wisotsky, 781 So.2d 1063 (Fla.2000). Further, it is not necessary for the movant to request a hearing. See id.
However, disqualification motions cannot be used for "gotcha" litigation tactics. See Salcedo v. Asociacion Cubana, Inc., 368 So.2d 1337, 1339 (Fla. 3d DCA 1979). In this case, the former husband and his counsel personally attended the hearing on the Emergency Motion. Nowhere in the transcript did they object that the hearing could not proceed until the court ruled on the pending motion for disqualification.
A party cannot go to a hearing knowing that he has filed a motion for disqualification, make no mention of the pending motion, participate in the hearing, and then after receiving an unfavorable ruling, argue that the court must start over because there was a pending motion for disqualification.
"The well-settled proposition is that the law `does not favor the substitution of a Judge or Justice in a cause after decision which essentially carries a benefit to the successful party.'" Lawson v. Longo, 547 So.2d 1279, 1281 (Fla. 3d DCA 1989) (quoting Ball v. Yates, 158 Fla. 521, 29 So.2d 729, 735 (1946)). In Lawson
the seller waited, having knowledge of the alleged ground for recusal from the second day of trial, until well after final judgment, which was adverse to him. By doing nothing to affirmatively promote or protect the issue of the possible recusal, the seller can be said to have sat on his rocking chair, watching the trial meander by. It is now too late and he has shown no good cause for delay.
Lawson, 547 So.2d at 1281; see also Fischer v. Knuck, 497 So.2d 240, 243 (Fla.1986) ("A motion for recusal is considered untimely when delayed until after the moving party has suffered an adverse ruling unless good cause for the delay is shown.")
The former husband relies on Fuster-Escalona v. Wisotsky, 781 So.2d 1063 (Fla.2000), but that case is not on point. In Fuster-Escalona there was never a hearing on the motion for disqualification. That case addressed how to treat a disqualification motion for purposes of the *984 rule regarding dismissal for lack of prosecution. Id. at 1064-65. It did not involve a situation like the one now before us, where a party participated in a hearing without objecting that there was a pending disqualification motion.
The former husband relies on the thirty-day rule established by Tableau Fine Art Group, Inc. v. Jacoboni, 853 So.2d 299 (Fla.2003), but reliance on that case is misplaced. In Tableau the Florida Supreme Court announced that a motion for disqualification must be ruled on by a trial court within thirty days. Id. at 303. If there is no ruling within thirty days, then disqualification is automatic. See id. at 301. The former husband argues that his seventh motion for disqualification was pending for more than thirty days and therefore Judge Lando should have been disqualified. However, the thirty-day rule of Tableau is prospective only, and came into effect only for motions for disqualification filed on or after August 20, 2003. See City of Hollywood v. Witt, 868 So.2d 1214, 1218 n. 6 (Fla. 4th DCA 2004). The seventh motion for disqualification had been filed prior to that date. Thus, the thirty-day rule is inapplicable to the former husband's seventh motion for disqualification.[3]

III.
The former husband next argues that the July 17 order erroneously holds him in contempt when no motion for contempt was made. The former husband is incorrect. He was not held in contempt.
The former wife filed the Emergency Motion described previously. The court authorized (a) the guardian ad litem, as trustee, to pay the educational expenses for the two children; (b) ordered the former husband to reimburse the two trusts $18,130 and $7,207.50, respectively; and (c) reserved jurisdiction on the issues of contempt and attorney's fees for a subsequent hearing.
The reservation of jurisdiction on the issue of contempt apparently refers to the former wife's second request in her motion, which was never reached by the trial court: her request to hold the former husband in contempt for failure to pay a life insurance premium.[4]
The former husband complains that he was not provided a copy of the proposed order prior to its entry. Assuming that is so, that is not a basis for reversal. This order was preceded by at least two similar orders directing the former husband to reimburse educational expenses for earlier time periods. It was clear from the court's remarks at the April 7 hearing that the court intended to pattern the July 17 order after the orders entered previously, and the court did so.

IV.
The former husband argues that the trial court erred by refusing to approve *985 a statement of proceedings under Florida Rule of Appellate Procedure 9.200(b)(4). During the pendency of this appeal, the former husband prepared a proposed statement of the proceedings for the hearing which took place on August 27, 2002. This is the hearing which resulted in the order of March 4, 2003 awarding attorney's fees to the former wife. The guardian ad litem objected to the proposed statement of proceedings.
The trial court declined to approve the statement of proceedings. The former husband moved to compel Judge Lando (who conducted the August 27, 2002 hearing) to settle the statement of proceedings. See Fla. R.App. P. 9.200(b)(4). This court treated the former husband's motion to compel as a petition for writ of mandamus and, after receiving a response, denied it. The former husband has renewed the point in his brief.
As explained earlier in this opinion, the March 4, 2003 order has become final and is not subject to collateral attack in this appeal. The time to have submitted a statement of proceedings for the August 27, 2002 hearing would have been in connection with the earlier appeal of the March 4, 2003 order, not the present appeal.

V.
The former wife has filed a Motion for Sanctions in which she seeks to preclude the husband from any further self-representation in this court without being represented by counsel. The former wife contends that the husbands appeals have repeatedly been shown to be without merit and have constituted an abuse of the legal process. Upon consideration of the motion, the former husband's response filed January 5, 2004, and after review of this courts files, we agree.[5]
The Florida Supreme Court has said:
Abuse of the legal system is a serious matter, one that requires this Court to exercise its inherent authority to prevent. As we held in Rivera v. State, 728 So.2d 1165, 1166 (Fla.1998): "This Court has a responsibility to ensure every citizen's access to courts. To further that end, this Court has prevented abusive litigants from continuously filing frivolous petitions, thus enabling the Court to devote its finite resources to those who have not abused the system."
Although rare, we have not hesitated to sanction petitioners who abuse the legal process by requiring them to be represented by counsel in future actions. In Jackson v. Florida Department of Corrections, 790 So.2d 398 (Fla.2001), the sanction of requiring a member of The Florida Bar to sign all of petitioner's filings with this Court and dismissing all other pending cases was imposed on a litigious inmate who repeatedly filed frivolous lawsuits that disrupted the Court's proceedings. In Martin v. State, 747 So.2d 386, 389 (Fla.2000), the sanction was imposed against a petitioner who, like Lussy, repeatedly filed lawsuits that included personal attacks on judges, were "abusive," "malicious," "insulting," and demeaning to the judiciary. In Attwood v. Singletary, 661 So.2d 1216 (Fla.1995), the petitioner was sanctioned for filing numerous frivolous petitions, including one that was filed shortly after the Court's order to show cause was issued.
Like the individual in Attwood, Lussy has abused the processes of this Court with his constant filings. Accordingly, a limitation on Lussy's ability to file would further the constitutional right of access because it would permit this Court to devote its finite resources to the consideration *986 of legitimate claims filed by others. See generally In re McDonald, 489 U.S. 180, 184, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989) (finding that "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources").
Lussy v. Fourth District Court of Appeal, 828 So.2d 1026, 1027 (Fla.2002); see Slizyk v. Smilack, 734 So.2d 1166 (Fla. 5th DCA 1999); Platel v. Maguire, Voorhis & Wells, P.A., 436 So.2d 303 (Fla. 5th DCA 1983); Shotkin v. Cohen, 163 So.2d 330 (Fla. 3d DCA 1964); see also Safir v. United States Lines, Inc., 792 F.2d 19 (2d Cir.1986).
In Safir the court stated:
[I]n determining whether or not to restrict a litigant's future access to the courts, [a court] should consider the following factors: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.
792 F.2d at 24.
The fact that the former husband is an attorney does not insulate him from this analysis. On a proper showing, an attorney may be barred from self-representation. See Slizyk, 734 So.2d at 1167.
The parties were divorced in 1994. Several years later, post judgment disputes arose, leading to litigation of increasing intensity. The former husband was eventually incarcerated for civil contempt for failing to pay child support. See Sibley v. Sibley, 833 So.2d 847 (Fla. 3d DCA 2002), review denied, 854 So.2d 660 (Fla.2003), cert. denied, 124 S.Ct. 1074, 124 S.Ct. 1074, 157 L.Ed.2d 895 (2004). In correspondence between the former husband and the former wife, the former husband stated, "And if you want to attempt to squeeze me until I am dry, we will litigate until I am disbarred and bankrupt if necessary for you leave me no other choice."
The former husband, an attorney, has initiated twenty-five appellate proceedings in this court in which he has represented himself, and has filed two more in which he was represented by counsel. These are listed in the Appendix to this opinion. The former husband prevailed in an early appeal to this court. See Sibley v. Sibley, 710 So.2d 1017 (Fla. 3d DCA 1998). However, the former husband's subsequent pro se proceedings in this court have been found to have no merit. As is shown by this appeal, the former husband has repeatedly tried to re-litigate matters decided in earlier proceedings, without any legitimate basis to do so.
In addition, the former husband has filed at least twelve actions in federal court against judges who have been assigned to his cases, the court system, and the former wife. In Sibley v. Wilson, No. 04-21000-CIV-MORENO, the federal court catalogued the former husband's federal litigation history as follows:
The Plaintiff's divorce case from ex-wife Barbara Sibley ... has been ongoing since 1994. The case appears to have been bitter, as evidenced by Plaintiff's numerous filings of separate actions related to issues in the divorce proceeding, including:

*987 1. Sibley v. Judge Maxine Cohen Lando

United States District Court, Southern District of Florida
Case No. 01-2940-CIV-UNGARO-BENAGES
Summary: allegations of constitutional violations by judge
Outcome: dismissed on basis of Younger abstention [aff'd, 37 Fed. Appx. 979 (11th Cir.2002)].
2. Sibley v. Judges David Gersten, Juan Ramirez, and Joseph Nesbitt

United States District Court, Southern District of Florida
Case No. 00-3665-CIV-MORENO
Summary: allegations of constitutional violations by judges
Outcome: dismissed on basis of judicial immunity, lack of subject-matter jurisdiction [aff'd, 252 F.3d 443 (11th Cir.), cert. denied, 534 U.S. 827, 122 S.Ct. 67, 151 L.Ed.2d 34 (2001)].
3. Sibley v. Mark Martinez

United States District Court, Southern District of Florida
Case No. 02-22931-CIV-HIGHSMITH
Summary: allegations of constitutional violations by Clerk's filing process
Outcome: dismissed for lack of constitutional violation.
4. Sibley v. Judges Alan Schwartz, David Gersten, Mario Goderich, Gerald Cope, Robert Shevin, Maxine Cohen Lando, Victoria Platzer, and Barbara Sibley

United States District Court, Southern District of Florida
Case No. 01-2746-CIV-KING
Summary: allegations of constitutional violations by judges
Outcome: dismissed on basis of Younger abstention, lack of subject-matter jurisdiction. Rule 11 sanctions imposed against Plaintiff [aff'd, 45 Fed. Appx. 878 (11th Cir.2002)].
5. Sibley v. Sibley

United States District Court, Southern District of Florida
Case No. 01-2770-CIV-HUCK
Summary: allegations of interference with parent-child relationship by ex-wife
Outcome: dismissed on basis of lack of subject-matter jurisdiction [aff'd, 34 Fed. Appx. 969 (11th Cir.2002)].
6. Sibley v. Sibley

United States District Court, Southern District of Florida
Case No. 01-1349-CIV-GOLD
Summary: removal of divorce action from Judge Lando's court
Outcome: remanded on basis of lack of subject-matter jurisdiction.
7. Sibley v. Spears

United States District Court, Southern District of Florida
Case No. 02-22106-CIV-JORDAN
Summary: petition for habeas corpus regarding contempt orders
Outcome: dismissed for lack of subject-matter jurisdiction.
8. Sibley v. Judge Maxine Cohen Lando

United States District Court, Southern District of Florida
Case No. 03-20942-CIV-HUCK
Summary: allegations of violations of right of access to the courts
Outcome: dismissed on basis of Rooker-Feldman and Younger abstentions [aff'd, 99 Fed. Appx. 886 (11th Cir.2004)].
9. Sibley v. Florida Supreme Court, Harry Lee Anstead, Third District Court of Appeal, and Eleventh Judicial Circuit Court of Dade County

*988 United States District Court, Southern District of Florida
Case No. 03-21199-CIV-LENARD
Summary: allegations of equal protection violations in decisions by Florida courts
Outcome: dismissed sua sponte for lack of subject-matter jurisdiction.
10. Sibley v. Maxine Cohen Lando

United States District Court, Southern District of Florida
Case No. 03-21885-CIV-HUCK
Summary: allegations of equal protection violations in divorce proceedings
Outcome: dismissed on basis of Rooker-Feldman and Younger abstentions [aff'd, 97 Fed. Appx. 907 (11th Cir.), cert. denied, ___ U.S. ___, 124 S.Ct. 2885, 159 L.Ed.2d 779 (2004)].
The Plaintiff has also filed a lawsuit against his wife in federal court in Delaware which was dismissed for lack of subject matter jurisdiction (Case No. 8:00-cv-02997-JFM), and has filed a number of appeals and/or petitions before Florida state courts as well.
Sibley v. Wilson, No. 04-21000-CIV-MORENO, slip op. at 2-3 (S.D.Fla. July 7, 2004).
In dismissing Sibley v. Wilson, Judge Moreno said that it is "the court's recognized right and duty, in both Federal and Florida state courts, to protect their jurisdiction from vexatious litigants and abuse of the judicial system." Id. at 6 (citations omitted). We agree.
The former husband has served as an unending source of vexatious and meritless litigation. This has caused needless consumption of resources by the court system and needless expense to the former wife. Awards of attorney's fees have not served as a deterrent, as the former husband has not paid them.
We conclude that the standards of Lussy are met. We have considered the criteria set forth in the Safir decision and conclude that those are met as well. We therefore prohibit the former husband from further self-representation in this court.
We direct the clerk of this court to reject any further filings in this court on the former husband's behalf unless signed by a member of the Florida Bar (other than the former husband). Any other cases that are pending in this court in which the former husband is representing himself will be dismissed unless a notice of appearance signed by a member in good standing of the Florida Bar (other than the former husband) is filed in each case within thirty days of this opinion becoming final. See Lussy, 828 So.2d at 1028.

VI.
For the stated reasons, the orders now under review are affirmed. The former wife's motion for sanctions is granted. The former husband is precluded from further self-representation in this court.
Affirmed; sanctions granted.

APPENDIX

(Sibley v. Sibley Case No. 3D03-2083)
A. Completed proceedings in which the former husband has represented himself:
1) Sibley v. Sibley, 866 So.2d 1223 (Fla. 3d DCA 2003) cert. denied, ___ U.S. ___, 124 S.Ct. 2909, 159 L.Ed.2d 813 (2004);
2) Sibley v. Sibley, No. 03-1392 (Fla. 3d DCA Aug. 6, 2003);
3) Law Offices of Rodriguez & Sibley v. Sibley, No. 03-3090 (Fla. 3d DCA Dec. 12, 2003);
4) Sibley v. Sibley, 835 So.2d 1140 (Fla. 3d DCA 2002) (01-3496);
5) Sibley v. Sibley, 833 So.2d 143 (Fla. 3d DCA 2002), reh'g denied, 835 So.2d 1140(Fla. 3d DCA 2002);

*989 6) Sibley v. Sibley, 831 So.2d 193 (Fla. 3d DCA 2002) (02-2764);
7) Sibley v. Sibley, 831 So.2d 193 (Fla. 3d DCA 2002) (02-2190), reh'g denied, 835 So.2d 1141 (Fla. 3d DCA 2002);
8) Sibley v. Sibley, 831 So.2d 192 (Fla. 3d DCA 2002) (02-412);
9) Sibley v. Sibley, 823 So.2d 785 (Fla. 3d DCA 2002);
10) Sibley v. Sibley, 816 So.2d 136 (Fla. 3d DCA 2002);
11) Sibley v. Sibley, 815 So.2d 673 (Fla. 3d DCA 2002), rev. denied, 833 So.2d 774 (Fla.2002);
12) Sibley v. Sibley, 814 So.2d 1054 (Fla. 3d DCA 2002);
13) Sibley v. Sibley, 803 So.2d 738 (Fla. 3d DCA 2001);
14) Sibley v. Sibley, 795 So.2d 71 (Fla. 3d DCA 2001);
15) Sibley v. Sibley, 793 So.2d 959 (Fla. 3d DCA 2001);
16) Sibley v. Sibley, 791 So.2d 481 (Fla. 3d DCA 2001);
17) Sibley v. Sibley, 771 So.2d 1175 (Fla. 3d DCA 2000);
18) Sibley v. Sibley, 751 So.2d 586 (Fla. 3d DCA 2000);
19) Sibley v. Sibley, 733 So.2d 529 (Fla. 3d DCA 1999);
20) Sibley v. Sibley, 732 So.2d 1079 (Fla. 3d DCA 1999);
21) Sibley v. Sibley, 725 So.2d 1273 (Fla. 3d DCA 1999);
22) Sibley v. Sibley, 710 So.2d 1017 (Fla. 3d DCA 1998).
B. Pending appellate proceedings in which the former husband represents himself:
23) Sibley v. Sibley, Case No. 3D04-294;
24) Sibley v. Sibley, Consolidated Case No. 3D04-1260/3D04-803;
25) Sibley v. Sibley, Case No. 3D04-1466.
C. Completed appellate proceedings in which the former husband was represented by counsel:
26) Sibley v. Spears, 837 So.2d 988 (Fla. 3d DCA 2002) cert denied, ___ U.S. ___, 124 S.Ct. 567, 157 L.Ed.2d 429 (2003);
27) Sibley v. Sibley, 833 So.2d 847 (Fla. 3d DCA 2002), review dismissed, 854 So.2d 660(Fla.2003), cert. denied, ___ U.S. ___, 124 S.Ct. 2909, 159 L.Ed.2d 813 (2004).
Before COPE, GERSTEN and GREEN, JJ.

On Motion for Rehearing
PER CURIAM.
We grant the motion for rehearing in one respect, and deny the remainder of the motion.
The former husband argues that under the terms of this court's opinion dated November 3, he is precluded from filing a pro se motion to invoke the discretionary review jurisdiction of the Florida Supreme Court. That is so because this court's opinion directs "the clerk of this court to reject any further filings in this court on the former husband's behalf unless signed by a member of the Florida Bar (other than the former husband)." Opinion at 988.
This court has permitted the former husband to file a pro se motion for rehearing and rehearing en banc in this case. Consistent with that procedure, we modify our opinion of November 3, 2004 to permit the filing of a pro se notice to invoke discretionary jurisdiction of the Florida Supreme Court, should the former husband choose to do so.
The former husband maintains that this court should not have quoted his correspondence to his former wife, arguing that the quoted correspondence is not in the record of this appeal. That point is without *990 merit. We clearly stated in our opinion of November 3 that for purposes of part V of the opinion, this court reviewed its files in all of the former husband's prior appellate proceedings. The quoted letter is found in Sibley v. Sibley, No. 3D02-3171, 833 So.2d 847 (Fla. 3d DCA 2002), Appendix to Appellee's Answer Brief.
We deny rehearing on the remaining points without further discussion.
Rehearing granted in part, denied in part.
NOTES
[1] The order was signed on March 4 and filed on March 6, 2003. The former wife refers to it as the March 4, 2003 order and the former husband refers to it as the March 6, 2003 order. We will use the March 4, 2003 date.
[2] In requesting reimbursement, the guardian ad litem (as trustee) reasons that where the former husband has undertaken responsibility to pay the educational expenses, the children's trusts should not be diminished for that purpose.
[3] For the same reason, the thirty-day rule does not apply to the former husband's subsequent motion to disqualify Judge Lando filed June 12, 2003. Further, even if that were not so, we would reject the former husband's argument on authority of Fischer v. Knuck, 497 So.2d 240 (Fla.1986). The Fischer decision states, "When a judge has heard the testimony and arguments and rendered an oral ruling in a proceeding, the judge retains the authority to perform the ministerial act of reducing that ruling to writing." 497 So.2d at 243 (citations omitted). The July 17 order accurately reflects the oral ruling at the April 7 hearing.
[4] There is a scrivener's error in the title of the July 17 order. The order states that it is an "Order Granting Former Wife's Ore Tenus and Emergency Motion for Contempt for Failure to Pay Educational Expenses...." As the motion did not request the remedy of contempt for failure to pay educational expenses, the title of the order is incorrect to that extent. The body of the order, however, is correct and accurately reflects the trial court's ruling. The former husband may request that the trial court correct the title of the order.
[5] The former wife requested oral argument of the motion and we granted the request.