On Order to Show Cause

PER CURIAM.
This court received the initial brief of appellant, and other papers, bearing the signature of Montgomery Blair Sibley on his own behalf and the signature of Lisa Marie Macci as attorney for appellant. This court entered an order to show cause why the brief and related papers should not be stricken, as being in violation of this court’s decision in Sibley v. Sibley, 885 So.2d 980 (Fla. 3d DCA 2004). That opinion stated in part:
We therefore prohibit the former husband [Montgomery Blair Sibley] from further self-representation in this court.
We direct the clerk of this court to reject any further filings in this court on the former husband’s behalf unless signed by a member of the Florida Bar (other than the former husband).
Id. at 988 (emphasis added).
After considering the appellant’s response to the order to show cause, the court rules that appellant Montgomery Blair Sibley is not allowed to sign briefs, motions, responses, and other legal papers filed in this court. This court’s opinion in Sibley v. Sibley, 885 So.2d 980 (Fla. 3d DCA 2004), stated, “The former husband is precluded from further self-representation in this court.” Id. at 988. The signing of briefs, motions, responses, and other legal papers in this court by appellant Sibley constitutes self-representation in this court in violation of this court’s opinion.
Accordingly, the court strikes appellant’s initial brief and Appellant’s Re *69 sponse to Sibley Children’s Motion to Require Appellant to Affiliate an Attorney Licensed to Practice in the State of Florida on this Appeal and to Require the Posting of a Bond. Ms. Macci, as appellant’s counsel, may file an amended initial brief and an amended response over her signature only, within ten (10) days.