# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued March 20, 2009        Decided May 1, 2009

No. 08-7121

IN RE: MONTGOMERY BLAIR SIBLEY,
RESPONDENT

*Montgomery Blair Sibley* argued the cause and filed the briefs for respondent.

*Brian D. Netter*, appointed by the court, argued the cause as *amicus curiae*. With him on the brief was *Andrew J. Pincus*.

Before: SENTELLE, *Chief Judge*, TATEL and GRIFFITH, *Circuit Judges*.

Opinion for the Court filed by *Chief Judge* SENTELLE.

SENTELLE, *Chief Judge*: In March 2008, the Supreme Court of Florida suspended Montgomery Blair Sibley from the practice of law for three years for two counts of misconduct: contempt of court for his failure to pay child support and filing frivolous claims and appeals. Sibley is a member of the bar of this court. Pursuant to Rule 46 of the Federal Rules of Appellate Procedure and this court's inherent powers, we issued an order to show cause why the imposition of reciprocal discipline on Sibley would be unwarranted. We subsequently appointed amicus curiae to assist the court and heard argument at Sibley's request. The issues before the court are whether the procedures

employed by the Florida Supreme Court and the Referee appointed by that court were so lacking in notice or the opportunity to be heard as to constitute a deprivation of due process and whether the Florida Supreme Court issued a sanction with such infirmity of proof as to require further review. We find that Sibley has failed to demonstrate that there was a lack of notice or infirmity of proof and thus suspend Sibley from practicing before this court for three years, *nunc pro tunc* to May 12, 2008, on the same conditions as imposed by the Florida Supreme Court.

## Background

Pursuant to a marital settlement agreement, Sibley was obligated to pay his former wife $4,000 per month in child support if he moved out of South Florida. Sibley moved out of the area in May 2000 and failed subsequently to pay any child support. On August 5, 2002, the Circuit Court of the Eleventh Judicial Circuit found that Sibley's financial situation had not substantially changed since he agreed to the marital settlement and, therefore, found him to be in contempt of court for wilfully failing to pay the support in violation of the court's order. The court sentenced Sibley to a deferred 90 days of imprisonment pending an opportunity for Sibley to purge himself of the contempt by making three monthly installments to satisfy his overdue child support obligations. The court subsequently increased the sentence for contempt to an indefinite term or until the contempt was purged. When Sibley missed the first payment, the Eleventh Judicial Circuit ordered Sibley's immediate incarceration. On appeal, the Third District Court of Appeal upheld Sibley's contempt and child support orders finding that Sibley could either sell personal property or ask his wealthy father for the amount. *Sibley v. Sibley*, 833 So. 2d 847, 848-49 (Fla. Dist. Ct. App. 2002). The appellate court noted that Sibley's conduct constituted "the very epitome of a wilful,

contemptuous refusal to obey a binding order of the court." *Id.* at 849. One judge dissented, noting that the record did not adequately support the proposition that Sibley had sufficient personal property to sell to obtain the purge amount and that the assets of Sibley's father were not considered by the trial court and thus could not be considered on appeal. *Id.* at 850-53 (Cope, J., dissenting). Sibley unsuccessfully petitioned for review by the Florida Supreme Court, *Sibley v. Sibley*, 854 So. 2d 660 (Fla. 2003), and the Supreme Court of the United States denied Sibley's motion for a stay, 540 U.S. 1100 (2004), as well as his petition for writ of certiorari, 540 U.S. 1109 (2004).

In a related proceeding, the Third District Court rejected an appeal by Sibley of two Circuit Court orders compelling payment of attorneys fees for Sibley's former wife and tuition for Sibley's children. The Third District Court granted Sibley's former wife's motion for sanctions and barred Sibley from representing himself in further appeals. *Sibley v. Sibley*, 885 So. 2d 980 (Fla. Dist. Ct. App. 2004). The court noted that Sibley had initiated 25 self-represented appeal proceedings in Florida courts, 24 of which were found meritless, and filed at least 12 federal court actions in Florida (all dismissed) against various judges assigned to his cases, the court system, and his former wife, plus a federal action in Delaware against his former wife which was dismissed for lack of subject matter jurisdiction. *Id.* at 986. Because Sibley's numerous appeals served as "an unending source of vexatious and meritless litigation," the appellate court barred Sibley from further self-representation in that court. *Id.* at 988. The Florida Supreme Court denied Sibley's petition for review, *Sibley v. Sibley*, 901 So. 2d 120 (Fla. 2005), and the United States Supreme Court denied certiorari, 546 U.S. 813 (2005).

Based on a recommendation from the Second Judicial Circuit Grievance Committee, on July 12, 2006 the Florida Bar filed a complaint against Sibley alleging two violations of the rules regulating the Florida Bar. Count I alleged that Sibley violated Florida Bar Rule 4-8.4(h), which provides that a lawyer engages in misconduct if he should "wilfully refuse, as determined by a court of competent jurisdiction, to timely pay a child support obligation." Count II alleged that Sibley violated Florida Bar Rule 4-3.1, which prohibits a lawyer from making a claim in court "unless there is a basis in law and fact for doing so that is not frivolous." Pursuant to Florida Bar Rule 3-7.6(a), a Referee was designated to handle Sibley's case.

Sibley sought extensive discovery from the Florida Bar and sought subpoenas for the depositions of the judge on the circuit court of the Eleventh Judicial Circuit and judges on the Florida Third District Court of Appeal, as well as "documentary evidence to contradict the findings of fact in the Third District Court of Appeals' decision." Sibley also filed several writs of prohibition. All of the motions were denied. Sibley then responded to the charges with "affirmative defenses"; the Referee struck the "defenses" pursuant to a motion from the Florida Bar but noted Sibley could raise the same issues during the final hearing. When the Referee was unable to reach Sibley to set a mutually convenient time for the final hearing, the Referee scheduled the final hearing for April 16, 2007. Five days prior to the hearing, Sibley filed a "Motion to Dismiss or, Alternatively, Fifth Affidavit and Motion to Disqualify, or Alternatively, Motion to Continue Hearing." In his motion, Sibley indicated he had professional obligations that would prevent him from appearing in April but that he would make himself available by telephone for a "scheduling hearing." The Referee denied the motion. On the final hearing date, Sibley failed to appear and the Referee conducted the hearing without him. After the final hearing both parties submitted proposed

reports to the Referee. Sibley also filed a request with the Florida Supreme Court to subpoena the Referee so he could advance his theory that the Referee was acting improperly.

The Referee issued his report concluding that a court of competent jurisdiction had found that Sibley wilfully refused to pay his child support obligation in a timely manner and, therefore, recommended that Sibley be found guilty of violating Rule 4-8.4(h). The Referee also concluded that the Third District Court of Appeals' sanction of Sibley for filing vexatious and meritless litigation warranted recommending that Sibley be found guilty of violating Rule 4-3.1. The Referee recommended a three-year suspension in light of six aggravating factors: Sibley's "dishonest or selfish motive," his "pattern of misconduct," "multiple offenses," intentional failure to comply "with rules or orders of the disciplinary agency," "refusal to acknowledge the wrongful nature" of the conduct, and his "substantial experience in the practice of law."

The Florida Supreme Court, after full briefing but without oral argument, approved the Referee's report and entered a suspension order. *Florida Bar v. Sibley*, 979 So. 2d 221 (Fla. 2008), *cert. denied*, 129 S. Ct. 41 (2008). The suspension order was stayed until May 12, 2008, to allow Sibley to seek review in the Supreme Court of the United States. Sibley then filed post-discipline motions challenging the authority and power of the Referee and some of the Florida Supreme Court justices to act as constitutional officers.[1] Specifically, Sibley asserted that

---

[1] Sibley also challenged the Referee and the justices' authority in federal court. The United States District Court for the Northern District of Florida rejected Sibley's argument that 4 U.S.C. §§ 101 and 102 imposed oath of office obligations that the Referee and justices did not fulfill. *See Sibley v. Florida Bar*, No. 4:08cv219-RH/WCS, 2008 WL 3471781 (N.D. Fla. Aug. 11, 2008). Sibley filed

they were without authority to act because they allegedly failed to properly execute loyalty oaths with their respective courts. The Florida Supreme Court rejected this argument. *Florida Bar v. Sibley*, 995 So. 2d 346 (Fla. 2008), *cert. denied*, 2009 WL 425340 (Feb. 23, 2009).

## Analysis

Federal Rule of Appellate Procedure 46(b)(1)(A) provides that "[a] member of the court's bar is subject to suspension or disbarment by the court if the member . . . has been suspended or disbarred from practice in any other court." After considering any response from the attorney, the court shall impose the identical discipline unless the attorney demonstrates that:

(1) the procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final the conclusion on that subject; or

(3) the imposition of the same discipline by this Court would result in grave injustice; or

(4) the misconduct warrants substantially different discipline.

---

a separate petition for writ of habeas corpus in district court that was rejected because Sibley was not in custody. *Sibley v. Lewis*, No. 4:08cv243-RH/WCS, 2008 WL 3982654 (N.D. Fla. Aug. 24, 2008).

D.C. Cir. Rules, App. II, Rule IV(c); *see also Selling v. Radford*, 243 U.S. 46, 51 (1917) (establishing same criteria for reciprocal discipline based on state court discipline order). The burden of showing why the court should not impose reciprocal discipline rests with Sibley. *In re Calvo*, 88 F.3d 962, 967 (11th Cir. 1996); *In re Theis*, 662 F.2d 771, 772 (D.C. Cir. 1980) (noting that *Selling* found state disbarment gives rise to rebuttable presumption that attorney lacks character to remain member of federal bar). Sibley only alleges that he was not afforded the requisite due process during his disciplinary proceedings and that there was an infirmity of proof establishing the misconduct and thus we only address these two issues.

### A. Due Process

Sibley challenges the sufficiency of the Florida disbarment proceedings, contending that the suspension order is void because the Florida Supreme Court justices and the Referee failed to take the requisite oaths. This argument, however, has been fully litigated and rejected by the Florida state courts. *Florida Bar v. Sibley*, 995 So. 2d 346 (Fla. 2008), *cert. denied*, 129 S. Ct. 1348 (2009). In addition, Sibley pursued this challenge in the United States District Court for the Northern District of Florida and the challenge was dismissed pursuant to the *Rooker-Feldman* bar on collateral attacks against a state court decision. *Sibley v. Florida Bar*, No. 4:08cv219-RH/WCS, 2008 WL 4525395 (N.D. Fla. Oct. 3, 2008). *See also In re Cook*, 551 F.3d 542, 547-48 (6th Cir. 2009), *Richardson v. District of Columbia Court of Appeals*, 83 F.3d 1513, 1514-15 (D.C. Cir. 1996). Because administration of the relevant oaths is a question of state law, this court cannot look beyond the controlling decisions of the Florida state courts.

Sibley also asserts that the length of the proceedings in and of itself was a violation of due process, as was the failure of the

Florida Bar to present charges "under oath" or to allow him the opportunity to call specific witnesses in his defense. Contrary to Sibley's assertions, the Speedy Trial Clause of the Sixth Amendment of the Constitution simply does not apply to non-criminal cases such as this attorney discipline case. *In re Calvo*, 88 F.3d at 967 ("Disbarment proceedings are not criminal proceedings."). Moreover, only a little over a year and a half passed between the filing of the formal complaint against Sibley on July 12, 2006, and his suspension by the Supreme Court of Florida on March 7, 2008. In addition, there is no requirement that charges be brought under "oath," only that "formal charges [be made] in writing that give fair and adequate notice of the nature of the alleged misconduct." Model Rules for Lawyer Disciplinary Enforcement R. 11(D); *see also In re Ruffalo*, 390 U.S. 544, 550 (1968) (procedural due process includes "fair notice of the charge"). Sibley's reliance on *Ex Parte Burr*, 22 U.S. 529 (1824) is misplaced. *Ex Parte Burr* does not require disciplinary proceedings to be brought under oath but rather details the unusual circumstances in which Burr did not have charges brought against him but instead invited the Court to undertake disciplinary proceedings. The witnesses Sibley sought to produce were the trial judge who held Sibley in contempt for failure to pay his child support and five judges on the Florida Third District Court of Appeal who found Sibley to be filing meritless appeals. The Referee's denial of Sibley's motion to subpoena these "witnesses" was well within his discretion. *See United States v. Morgan*, 313 U.S. 409, 422 (1941) (integrity of mental process of a judge cannot be subject to scrutiny). Furthermore, Sibley has no confrontation right in an attorney discipline case. *See Rosenthal v. Justices of the Supreme Court of Cal.*, 910 F.2d 561, 565 (9th Cir. 1990).

Sibley also argues that the Referee's failure to grant a continuance for the final hearing date violated due process. Sibley, however, received notice of the final hearing date and

moved for a continuance. When that continuance was denied, Sibley simply elected not to appear. Thus, Sibley has in no way shown that the proceedings were so lacking in fairness that his due process rights were violated.

Sibley also challenges the Referee's striking of his "affirmative defenses." While the Referee did grant the Florida Bar's motion to strike the affirmative defenses, he later provided that even though the motion to strike was granted, Sibley could raise his defenses during the final hearing. Therefore, Sibley could have raised any defenses at the final hearing, but he chose not to attend.

Finally, Sibley asserts that the Referee's adoption of much of the Florida Bar's report as his own renders the Referee's report infirm. For this proposition, Sibley relies on *Anderson v. City of Bessemer City*, 470 U.S. 564, 572 (1985), in which the Supreme Court noted that it had "criticized courts for their verbatim adoption of findings of fact prepared by prevailing parties . . . ." Sibley's reliance is poorly taken, as the Supreme Court went on to suggest "that even when the trial judge adopts proposed findings verbatim, the findings are those of the court and may be reversed only if clearly erroneous." *Id.* (citing *United States v. Marine Bancorporation*, 418 U.S. 602, 615 n.13 (1974)). In any event, we are not sitting as a court of review to discover error in the Referee's or the Florida courts' proceedings. We only ask whether that procedure "was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or there was such an infirmity of proof establishing the misconduct as to give rise to the clear conviction that this Court could not, consistent with its duty, accept as final the conclusion on that subject . . . ." D.C. Cir. Rules App. II, Rule IV(c). The adoption by a court of the court-appointed referee's report meets none of those criteria.

### B.  Infirmity of Proof

Sibley also challenges the factual basis for his suspension, arguing that the contempt order for failing to pay child support was not based upon record evidence.  Relying on the dissenting opinion in the Third District Court of Appeal, Sibley alleges that the Florida Supreme Court found that his father, and not Sibley, had failed to pay the child support.  This is simply not the case. In her contempt order, the trial court judge in Sibley's state divorce proceeding very clearly found that Sibley's actions were "the essence of wilful refusal to obey a Court order." Respondent's Appendix at 12, 13.  That order and the court-imposed sanction were upheld on appeal.  Even the dissenting opinion upon which Sibley relies addressed only the propriety of the purge amount; no judge questioned the finding of a wilful violation underlying the contempt citation.  And in any event, Sibley seems to forget that once the majority of a court has spoken, the best the dissent can do is offer one judge's opinion as to what the case law should be but is not.  The dissent is thus doubly immaterial.

Sibley also challenges the finding that he violated Florida Bar Rule 4-3.1 which prevents lawyers from bringing claims "unless there is a basis in law and fact for doing so that is not frivolous."  The Third District Court of Appeal concluded that Sibley was "an unending source of vexatious and meritless litigation." *Sibley*, 885 So. 2d at 988.  Sibley asserts that because the court did not specifically find that his litigation was "frivolous," the requirements of Rule 4-3.1 are not met.  It is clear, however, from the full reading of the decision noting that Sibley had filed 24 unsuccessful meritless appeals in state court, among others, that the standards of Rule 4-3.1 are met.  There is, therefore, no infirmity of proof as to this charge.

## Conclusion

For the foregoing reasons, we suspend Sibley from practicing before this court for three years, *nunc pro tunc* to May 12, 2008, on the same conditions as imposed by the Florida Supreme Court. Sibley's reinstatement to the bar of this court is contingent upon certification that he has met the conditions of reinstatement imposed by the Florida Supreme Court. Sibley is prohibited from holding himself out to be an attorney at law licensed to practice before the United States Court of Appeals for the District of Columbia Circuit during the suspension.