# Third District Court of Appeal

## State of Florida

Opinion filed January 28, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D13-2302
Lower Tribunal No. 13-1892
_____

**Ursula Q. Silveira,**
Petitioner,

vs.

**Guardianship of Ana Maria Quiroga,**
Respondent.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Bernard S. Shapiro, Judge.

Ursula Q. Silveira, in proper person.

Guardianship Program of Dade County, Inc., and Caren Lesser and Farah Viota, for respondent.

Before ROTHENGERG, FERNANDEZ, and LOGUE, JJ.

ROTHENBERG, J.

On March 26, 2013, the Chief Executive Officer of Kindred Hospital

("CEO") filed a petition to determine whether Ana Maria Quiroga ("Ana Maria") was legally incapacitated. The petition provided the names of Ana Maria's next of kin, listing both her sister, Ursula Q. Silveira ("Ms. Silveira"), and her mother, Digna Lopez ("Ms. Lopez"), as required by section 744.3201(1)(g), Florida Statutes (2013). The petition also alleged that Ana Maria was not using her social security check and that the social security money was not being used in her best interests.[1] In support of the petition, the CEO attached a psychiatric re-evaluation that had been performed on Ana Maria the month before, wherein the psychiatrist noted that Ana Maria had stated that she could no longer make her own health care decisions and wanted these decisions to be made by her sister or another family member.

Thereafter, the trial court appointed a three-member examining committee to determine Ana Maria's capacity as specified in section 744.331(3)(a), Fla. Stat. (2013). The trial court also appointed the Office of Criminal Conflict and Civil Regional Counsel to represent Ana Maria. See § 744.331(2)(a), Fla. Stat. (2013).

On April 11, 2013, the CEO filed a Formal Notice of Petition to Determine Incapacity and For the Appointment of Guardianship ("Formal Notice"), notifying Ana Maria, as the "alleged incapacitated person," that the petition to determine incapacity and to seek the appointment of a guardian had been filed and that a

---

[1] The record indicates that Ana Maria receives both Social Security and a private pension totaling approximately $2700 per month.

hearing to appoint a guardian would be conducted on May 14, 2013. The Formal Notice specifies that "the notice must be read to the alleged incapacitated person." The certificate of service indicates that a copy of the Formal Notice was furnished to Ana Maria's counsel and known next of kin.

On April 22, 2013, the members of the reporting committee filed their reports. Each member agreed that Ana Maria is incapacitated, see § 744.3215(2), (3), Fla. Stat. (2013), and recommended that a plenary guardian be appointed.

On May 10, 2013, four days before the guardianship hearing, Ana Maria's sister, Ms. Silveira, filed a notice of unavailability stating that she was not available from May 9, 2013 to May 30, 2013. Ms. Silveira's notice also claimed that she was Ana Maria's guardian, and therefore, she must be present when the "petition" is read to Ana Maria.

On May 14, 2013, the Guardianship Program of Dade County, Inc. ("GPDC") filed its petition seeking to be appointed as Ana Maria's plenary guardian. This petition also listed Ms. Silveira and Ms. Lopez as Ana Maria's next of kin.

The trial court heard argument regarding the petition to determine incapacity and the petition for appointment of a guardian despite Ms. Silveira's notice of unavailability. Following the hearing on May 14, 2013, the trial court entered an order finding that Ana Maria is totally incapacitated and in need of a plenary

guardian based on the clear and convincing evidence presented at the hearing. This order specifies that the notice of hearing and petition were read to Ana Maria, Ana Maria's known next of kin were given the petition and notified of the hearing, Ana Maria's counsel was present at the hearing, and the trial court had taken testimony and considered the reports of the examining committee. The trial court appointed GPDC, a public guardian, as Ana Maria's plenary guardian.[2]

A public guardian should be appointed where "there is no willing and responsible family member or friend, other person, bank, or corporation available to serve as guardian for an incapacitated person, and such person does not have adequate income or wealth for the compensation of a private guardian." § 744.702, Fla. Stat. (2011). In addition to being "willing and responsible," the family member or friend seeking to be appointed guardian cannot be statutorily disqualified to be appointed as a guardian. See § 744.309(3), Fla. Stat. (2013).

The record before this Court does not explain why the trial court appointed a public guardian, GPDC, when Ana Maria's sister, Ms. Silveira, is willing to act as guardian and has actively attempted to take that role. The record before this Court does not include a transcript of the hearing conducted on May 14, 2013, see Fla. Prob. R. 5.541 ("Electronic or stenographic recordings shall be made of all hearings on the: (a) adjudication of incapacity; (b) appointment of a guardian . . .

---

[2] Ms. Silveira did not appeal the trial court's order appointing GPDC as Ana Maria's plenary guardian.

4

."), and the trial court's order appointing GPDC as Ana Maria's guardian does not address Ms. Silveira whatsoever.

After the trial court appointed GPDC as guardian, Ms. Silveira filed numerous pro se motions and petitions essentially seeking to have GPDC removed as her sister's plenary guardian and to have herself appointed as the plenary guardian instead. Florida Probate Rule 5.660(a) provides: "Proceedings for removal of a guardian may be instituted by a court or by verified petition of any other guardian, any surety, the **next of kin**, or any other interested person." (emphasis added). However, a review of Ms. Silveira's numerous petitions and motions reflect that they do not comply with the legal requirements for a petition for the appointment of a guardian, see § 744.334, Fla. Stat. (2013); Fla. Prob. R. 5.560, or the requirements for a petition for the removal of a guardian, see §§ 744.474, 744.477, Fla. Stat. (2013).

In response to Ms. Silveira's numerous motions and petitions, the trial court entered an order on August 9, 2013, finding, in part, that despite appointing GPDC as Ana Maria's guardian on May 14, 2013, Ms. Silveira "professes to be the Guardian, Decision Maker and Trustee for [Ana Maria] while in actuality she holds none of those positions." Further, the trial court found that Ms. Silveira continues to file "pleadings, personally visit[] the Courthouse and make[] telephone calls purportedly on behalf of her sister while having no authority to do

5

so." Therefore, "should [Ms.] Silveira seek to become the legal guardian of her sister she shall retain an attorney to file the appropriate Petition on her behalf and in the interim shall refrain from the above described actions." On September 27, 2013, the trial court entered an order clarifying its August 9, 2013, order and ordering the Clerk for Miami-Dade County to accept no further pleadings from Ms. Silveira because she filed a pleading following the trial court's August 9, 2013 order.

Ms. Silveira appeals the trial court's August 9, 2013, and September 27, 2013, orders. We treat Ms. Silveira's appeal as a petition for writ of certiorari, grant the petition, and quash the orders under review in part.

In GPDC's memorandum of points and authority in support of its position,[3] GPDC asserts that pursuant to Florida Probate Rule 5.030(a), Ms. Silveira cannot file any pro se motions or pleadings because guardians "shall be represented by an attorney admitted to practice in Florida." GPDC's reliance on rule 5.030(a), however, is misplaced because Ms. Silveira is not a "guardian" as defined in the Florida Probate Rules, see Fla. Prob. R. 5.015(b)(6) (defining a "guardian" as "a person appointed pursuant to chapter 744, Florida Statutes, or a guardian advocate

---

[3] This Court issued an order directing GPDC to file an answer brief within ten days from the date of the order or be precluded from filing a brief and/or presenting an oral argument. GPDC failed to file an answer brief as directed by this Court. Thereafter, this Court issued an order precluding GPDC from filing an answer brief or presenting an oral argument unless otherwise ordered, but allowed GPDC to file a memorandum of points and authorities in support of its position.

unless a rule indicates otherwise"), or in the Florida Guardianship Law, see §744.102(9) (defining a "guardian" as "a person who has been appointed by the court to act on behalf of a ward's person or property, or both"). Here, Ms. Silveira has not been appointed by the trial court to act as Ana Maria's guardian, and therefore, rule 5.030(a) does not apply to her. Ms. Silveira accordingly cannot be precluded from filing further documents on that basis.

A trial court, however, does have the inherent authority to prevent "abusive litigants from continuously filing frivolous petitions . . . ." See Sibley v. Sibley, 885 So. 2d 980, 985 (Fla. 3d DCA 2004) (quoting Rivera v. State, 728 So. 2d 1165, 1166 (Fla. 1998)). Further, if a litigant is abusing the legal process, the trial court can require that the litigant obtain counsel in order to proceed. See Sibley, 885 So. 2d at 985. Although we understand the trial court's frustration, as Ms. Silveira's various filings seeking to be appointed as her sister's guardian do not comply with the applicable statutes and procedural rules, see § 744.334, Fla. Stat. (2013); Fla. Prob. R. 5.560, our review of the record indicates that Ms. Silveira's actions have not risen to the point that she should be precluded from filing further pro se pleadings.

Accordingly, we grant the petition for writ of certiorari and quash the portion of the August 9, 2013, order requiring Ms. Silveira to retain an attorney in order to file a petition for appointment of a guardian and also quash the portion of

7

the September 27, 2009, order that directs the Clerk of the Court for Miami-Dade County not to accept any further filings from Ms. Silveira. We do not quash the portion of the trial court's August 9, 2013, order which prohibits Ms. Silveira from holding herself out as Ana Maria's guardian.

We also take this opportunity to explain to Ms. Silveira that pro se litigants are not held to a "lesser standard than a reasonably competent attorney." See Kohn v. City of Miami Beach, 611 So. 2d 538, 539 (Fla. 3d DCA 1992). Therefore, if she opts to file a pro se petition seeking to be appointed as her sister's guardian, the petition must sufficiently comply with the applicable statutes and procedural rules. Further, due to Ana Maria's declining health, Ms. Silveira should consider retaining counsel or seeking pro bono legal assistance.

Petition granted; orders quashed in part.