THOMAS, Chief Justice.
The chancellor entered a decree validating and confirming certain serial notes of Zellwood Drainage and Water Control District of Orange County, Florida, and this appeal followed. Sec. 4(2), Art. V, Constitution of Florida, as amended 6 November 1956, F.S.A.
Because of the unique nature of the drainage district, it is unnecessary to give a detailed description of the instruments involved.
The district was organized under Chapter 20715, Laws of Florida, Acts of 1941, and comprises approximately 8,600 acres owned by 42 persons. The odd feature is that no one lives in the area.
The engineers of the district recommended certain expenditures for additions and repairs and it was planned to use for these purposes the proceeds of the notes in controversy. Inasmuch as no election was possible because no qualified electors who were freeholders lived in the district, it was attempted to bring the securities within the operation of Sec. 6, Art. IX, of the Constitution, or within its “spirit and intent”, according to the original petition for validation, by calling a meeting of the landowners at which a resolution authorizing the issuance of the notes was adopted. At the meeting twenty-two owners of about 6,500 acres were present or represented by proxy. One vote was cast for each acre owned or represented by the voter.
There is a similarity between the method used and the purpose of Sec. 6, Art. IX, supra, since both were intended to preclude the burden of paying, through taxation, a bonded indebtedness without approval of a specified portion of those who would bear it. Sullivan v. City of Tampa, 101 Fla. 298, 134 So. 211; State v. City of Miami Beach, 156 Fla. 546, 23 So.2d 720. But just there the likeness seems to end.
We cannot agree with appellee's contention that we should peer behind the plain language of the Constitution and judge the merits of the case solely on the basis that a conscientious effort was made to do only what the owners of most of the land wished.
The provisions of the Constitution are quite clear. The power to issue bonds comes “only after the same shall have been approved by a majority of the votes cast in an election in which a majority of the freeholders who are qualified electors residing in such * * * Districts, or Municipalities shall participate * * Sec. 6, Art. IX, supra. (Italics supplied.) There was no actual compliance with these requirements for the simple reason that there could not have been as no one resided in Zellwood Drainage and Water Control District.
The answer to the question may be found in State v. Volusia County School Bldg. Authority, Fla., 60 So.2d 761, in which this court held that when the Constitution prescribes the manner in which something may be accomplished the means is exclusive.
Our comment is devoted to the lone question of whether or not the procedure which the appellee attempted to follow complied with the requirements of Sec. 6, Art. IX of the Constitution and nothing written herein is intended to prejudice in any way any other method to which the appellee may resort to finance the improvements recommended by the engineers.
Although we are reluctant to disturb the decision of the veteran and venerable chancellor who sat in this case, we are constrained to rule that the decision be—
Reversed.
HOBSON, ROBERTS and DREW, JJ., concur.
TERRELL, J., dissents.