TERRELL, Justice.
This appeal by the State Attorney, Ninth Judicial Circuit, for the State, is from a final decree of the Circuit Court of Orange County, validating serial notes, face amount of $140,000, proposed by Zellwood Drainage and Water Control District, a municipal corporation organized and existing under the laws of the State of Florida. Zell-wood Drainage and Water Control District will be referred to hereinafter as the District.
The District was created by Chapter 20715, Laws of Florida 1941, as amended by Chapter 24323, Laws of Florida 1947; *422 the only purpose of Chapter 24323 was to increase the number of Supervisors of the District from three to five and to stagger their appointments. The petition prayed that the serial notes in question be validated, payable serially over a period of fifteen years with interest at the rate of five percent.
By resolution of the Board of Supervisors of the District, the serial notes were authorized to be issued at a meeting held on February 4, 1960; a tax sufficient to pay said notes with interest thereon was also authorized. A resolution was also adopted calling a special election of the freeholders of the District for the purpose of approving or disapproving the issuance of said serial notes. Publication of the notice calling the election and other prerequisites to the election were duly published in the Orlando Evening Star as required by law.
Special election was held in the District March 29, 1960, certificate of election was filed with the Supervisor of Registration and with the Board of County Commissioners, showing that there were only two freeholder electors residing in the District and that both of them voted in favor of issuing the serial notes. At a meeting held March 31, 1960, the Board of County Commissioners of Orange County adopted a resolution declaring the results of the special election and confirmed the fact that there were only two freeholders residing in the District, that both of them voted in favor of issuing the serial notes and that no one voted against issuing them.
Petition to validate the serial notes was filed in the Circuit Court of Orange County April 1, 1960. The State Attorney answered on behalf of the State. On the issues made by the petition to validate and the answer, final decree was entered May 4, 1960, validating and confirming the issuance of the serial notes, from the final decree so entered, the instant appeal was prosecuted.
Three questions are urged for determination: (1) Was the election of freeholders held March 29, 1960, in compliance with the provisions of Section 6, Article IX of the Constitution, F.S.A. ? (2) Did the Circuit Court err in finding that two persons, being all the qualified freeholders residing in Zellwood Drainage and Water Control District and voting for the issuance of said serial notes at an election held on March 29, 1960, reveal sufficient approval thereof by the freeholders as required by Section 6, Article IX of the Constitution? (3) Was the Circuit Court authorized to enter a final decree of validation May 4, 1960?
Section 6, Article IX of the Constitution provides :
“ * * * the Counties, Districts or Municipalities of the State of Florida shall have power to issue bonds only after the same shall have been approved by a majority of the votes cast in an election in which a majority of the freeholders who are qualified electors residing in such Counties, Districts, or Municipalities shall participate, to be held in the manner to be prescribed by law; * * *
The record shows that an election was called and held as required by law and that all freeholders residing within the District voted at said election in favor of issuing the serial notes, in the amount stated herein, and that there were no votes cast against issuing them. The election so held was in strict compliance with the quoted provisions of the Constitution and the Chancellor so held.
It is not amiss to point out the contention of appellant to the effect that the District contained approximately 8,600 acres of land distributed among 48 individual or corporate owners, but that only two of said owners reside within the District, yet by their vote they have obligated the other 46 owners of land within the District. State, by and through Overstreet, v. Andrews, Fla.1959, 113 So.2d 701.
*423 The answer to this contention is that Section 6, Article IX of the Constitution, limits approval of the notes to “a majority of the votes cast in an election in which a majority of the freeholders who are qualified electors desiding in the * * * District * * * shall participate.” The election questioned met these requirements and the Chancellor so held.
It is accordingly our view that the validation decree was correct, that the Chancellor had power to enter it, and that it must be, and is hereby, affirmed.
Affirmed.
THOMAS, C. J., and HOBSON, THOR-NAL and O’CONNELL, JT., concur.