708 So.2d 287 (1996)
STATE of Florida, Appellant,
v.
Eduardo CALZADA-PADRON, Appellee.
No. 95-01297.
District Court of Appeal of Florida, Second District.
December 27, 1996.
Rehearing Denied February 10, 1998.
Robert A. Butterworth, Attorney General, Tallahassee, and Stephen D. Ake, Assistant Attorney General, Tampa, for Appellant.
Manuel A. Machin of Manuel A. Machin, P.A., Tampa, for Appellee.
PER CURIAM.
The state appeals the trial court's judgment and sentence which was imposed upon the appellee, Eduardo Calzada-Padron. We affirm the conviction but reverse the sentence.
On August 26, 1994, the state charged the appellee with aggravated battery with a deadly weapon, a firearm, and causing great bodily harm in violation of section 784.045, Florida Statutes (1993). The jury found the appellee guilty as charged, and the trial court subsequently adjudicated the appellee guilty and sentenced him to a downward departure of 364 days in the county jail. The state filed a timely notice of appeal.
The state contends that the trial court erred in failing to impose upon the appellee a three year minimum mandatory prison sentence as required pursuant to section 775.087(2), Florida Statutes (1993). We agree.
Section 775.087(2) contains no provision permitting the trial court to exercise its discretion in imposing a three year minimum mandatory prison sentence once a defendant has been convicted of certain enumerated felonies. State v. Davis, 639 So.2d 1048 (Fla. 1st DCA 1994), approved, 661 So.2d 1193 (Fla.1995). Since the appellee in the instant case was convicted of one of the enumerated felonies in the statute and had in his possession a firearm, the trial court was required to sentence him to three years in state prison as the minimum sentence. State v. Leatherwood, 561 So.2d 459 (Fla. 2d DCA 1990); State v. Sesler, 386 So.2d 293 (Fla. 2d DCA 1980).
Accordingly, we affirm the conviction but reverse the sentence and remand with directions to impose the three year mandatory term required under section 775.087(2).
Reversed and remanded with instructions.
SCHOONOVER, A.C.J., and FRANK and BLUE, JJ., concur.