995 So.2d 346 (2008)
THE FLORIDA BAR, Complainant,
v.
Montgomery Blair SIBLEY, Respondent.
No. SC06-1387.
Supreme Court of Florida.
September 25, 2008.
Rehearing Denied November 14, 2008.
*347 Kenneth Lawrence Marvin, Director of Lawyer Regulation, The Florida Bar, Tallahassee, FL, and Arlene Kalish Sankel, Bar Counsel, The Florida Bar, Miami, FL, for Complainant.
Montgomery Blair Sibley, Washington, D.C., pro se, Respondent.
PER CURIAM.
We have for review post-discipline motions filed by Montgomery Blair Sibley. The motions challenge the authority and power of some Supreme Court justices to act as constitutional judicial officers. Sibley is not entitled to relief, and we write to resolve this matter with finality. We have jurisdiction. See art. V, § 15, Fla. Const.
Sibley argues that the referee who presided in his Bar discipline case and all but one of the justices of this Court are without authority to act because they have *348 allegedly failed to properly execute loyalty oaths to serve as constitutional judicial officers with their respective courts. Sibley relies on section 876.05, Florida Statutes.[1]
Sibley's arguments and positions are both inaccurate and legally insufficient. Each of the justices of this Court has taken the oath of office prescribed by the Constitution in a well-attended public ceremony. Further, all of the justices of this Court have executed judicial office loyalty oaths and oaths of office at the time of appointment and for each retention election since appointment to this Court, which oaths are maintained by the Secretary of State or the Division of Elections. All of the justices appointed to the Court in 1998 or earlier executed written, notarized oaths of office in full compliance with the dictates of section 876.05. Justices Cantero and Bell, appointed to this Court in 2002, executed the written oath being utilized by the Secretary of State at that time, which oath did not require the signature or seal of a notary, but was nevertheless signed under oath. Justice Bell, who served as a judicial officer in a different court prior to appointment to this Court, executed a written, sworn, and notarized oath prior to assuming his previous judicial office in 1990.[2]
The Honorable Orlando Prescott, a circuit judge in the Eleventh Judicial Circuit in and for Dade County and the referee who presided in Sibley's case, likewise complied with the constitutional requisites prior to assuming the duties of his office. Further, as an elected judicial officer, Judge Prescott was required to submit a sworn, notarized Oath of Candidate form, which fully satisfies section 876.05, Florida Statutes, as a prerequisite to qualifying as a candidate for the position he now holds.
Further, every member of The Florida Bar, which includes all judicial officers in this state, takes the Oath of Admission to The Florida Bar. That oath includes an oath to "support the Constitution of the United States and the Constitution of the State of Florida." The oath is either administered in a public induction ceremony or before "any resident Circuit Judge or other official authorized to administer oaths, such as a notary public." Fla. Bar Admiss. R. X-XX-X-XX. An executed copy of the oath is then filed with the Florida Board of Bar Examiners. Fla. Bar Admiss. R. 5-14.
Finally, although not legally required, the justices who had not done so before executed new, notarized loyalty oaths by October 2007, months before the March 7, 2008, order suspending Sibley from the practice of law.
*349 Thus, even if Sibley were correct in arguing that the failure of a judicial officer to have a written, executed, and notarized loyalty oath on file pursuant to section 876.05 would deprive such officer of the authority to act, a majority of the Court fulfilled the statute's requirements long before Sibley's present case arose, and all of them had by the time of Sibley's suspension.
These factual inaccuracies notwithstanding, Sibley also misperceives the function of the statute in question. Section 876.05 does not relate to the jurisdiction or authority of judicial officers. At most, it is a limitation on the authority of those in charge of issuing vouchers to pay state employees or officers who have not executed a loyalty oath.
Sibley's asserted interpretation of section 876.05, that judicial officers who fail to properly execute the prescribed oath and have it duly notarized lack authority to act, would bring the statute into direct conflict with the Florida Constitution. Judicial officers, including all those who considered or decided issues relevant to this case, take and properly execute the oath required by article II, section 5 of the Florida Constitution prior to assuming judicial office. Article II, section 5(b) of the Florida Constitution provides:
(b) Each state and county officer, before entering upon the duties of the office, shall give bond as required by law, and shall swear or affirm:
"I do solemnly swear (or affirm) that I will support, protect, and defend the Constitution and Government of the United States and of the State of Florida; that I am duly qualified to hold office under the Constitution of the state; and that I will well and faithfully perform the duties of (title of office) on which I am now about to enter. So help me God.",
and thereafter shall devote personal attention to the duties of the office, and continue in office until a successor qualifies.
This oath incorporates the less specific oath required by section 876.05, which provides:
(1) All persons who now or hereafter are employed by or who now or hereafter are on the payroll of the state, or any of its departments and agencies, subdivisions, counties, cities, school board and districts of the free public school system of the state or counties, or institutions of higher learning, and all candidates for public office, except candidates for federal office, are required to take an oath before any person duly authorized to take acknowledgments of instruments for public record in the state in the following form:
I, ____, a citizen of the State of Florida and of the United States of America, and being employed by or an officer of ____ and a recipient of public funds as such employee or officer, do hereby solemnly swear or affirm that I will support the Constitution of the United States and of the State of Florida.
(2) Said oath shall be filed with the records of the governing official or employing governmental agency prior to the approval of any voucher for the payment of salary, expenses, or other compensation.
It is well established in the law that where the Constitution prescribes the manner in which something may be accomplished, the means are exclusive. State v. Andrews, 113 So.2d 701, 702 (Fla.1959). Further, express or implied provisions of the Constitution cannot be altered, contracted, or enlarged by legislative enactment. *350 Sparkman v. State ex rel. Scott, 58 So.2d 431, 432 (Fla.1952).
In this instance, the Florida Constitution establishes the requisite oath of office for judicial officers in this State. Upon taking the prescribed oath, such officers are obligated to devote their personal attention to the duties of their respective offices. If we were to interpret section 876.05 in the manner urged by Sibley, the statute would be in direct conflict with the Constitution and we would be constrained to declare the statute unconstitutional.
To the extent possible, courts have a duty to construe a statute in such a way as to avoid conflict with the Constitution. State v. Gale Distrib., 349 So.2d 150, 153 (Fla.1977). Additionally, in determining the constitutionality of a statute, courts should be guided by the statute's substance and manner of operation, rather than by its form. Ex parte White, 131 Fla. 83, 178 So. 876, 880 (1938). Indeed, the purpose and intention of a legislative act should be construed to fairly and liberally accomplish the beneficial purpose for which it was adopted and all intendments favored toward its validity, rather than applying a rule of strictness which would defeat and make the fundamentals of legislative power meaningless. Hanson v. State, 56 So.2d 129 (Fla.1952). For these reasons, we examine the origins and purposes of section 876.05.
Section 876.05 was first enacted in 1949. See ch. 25046, § 1, at 104, Laws of Fla. (1949). The express purpose of the act was to "protect [the State's] government, its citizens and its schools from the infiltration of ... conspiratorial fanatics whose first allegiance this Legislature finds to be not to the good of this State but rather to its forceful destruction." Since that time, various parts of the prescribed oath have been held unconstitutional and, consequently, deleted from the statute, leaving only that which remains today. See, e.g., ch. 83-214, § 22, at 851, Laws of Fla. (deleting provisions from the oath pertaining to membership in the Communist Party or any organization advocating the overthrow of the government); see also Cramp v. Bd. of Pub. Instruction of Orange County, 368 U.S. 278, 82 S.Ct. 275, 7 L.Ed.2d 285 (1961) (holding unconstitutionally vague that part of the oath deleted in chapter 83-214).
A comparison of the language of the oath of office provided in article II, section 5(b) and as enrolled in section 876.05 reveals they are more similar than dissimilar. Indeed, the constitutional oath is more sweeping, as it requires the oath-taker to "support, protect, and defend" the federal and state Constitutions as opposed to merely supporting them, as is required by the statute. The only requirement of the statute that is not also required by the constitutional oath of office is that a written, notarized copy of the oath be preserved to memorialize the fact that the oath was taken. To the extent this portion of the statute is interpreted to enlarge the requirements of the oath of office set forth in the Constitution for the investiture of constitutional officers, it is unconstitutional and unenforceable. We need not and do not go so far. Rather, we hold that the dictates of section 876.05 are satisfied when a judicial officer duly takes the oath of office as set forth in the Constitution and limit our holding to only those judicial officers who take the oath of office as set forth in the Constitution. We do not address the validity or the requisites of the statute in any other context than the one extant here.
Further, even if the referee or any of the justices inadvertently failed to comply with the technical requirements of section 876.05 by executing a loyalty oath in writing, and if we also had interpreted the effect of that failure to be that suggested *351 by Sibley, the de facto officer doctrine, which has been long established in Florida, would nevertheless cure any defect. A de facto officer is "[o]ne who, while in actual possession of the office, is not holding such in a manner prescribed by law." Black's Law Dictionary 375 (5th ed.1979). De facto officers exercise the functions of office under color of title, in full view of the public, and in such manner and under circumstances of reputation or acquiescence that would suggest no ineligibility. See State ex rel. Hawthorne v. Wiseheart, 158 Fla. 267, 28 So.2d 589, 593 (1946). A de facto officer exercising the functions of office in consequence of a known and valid appointment or election may serve if the only defect in title is a failure to comply with some requirement or condition such as executing an oath or doing so in accordance with a prescribed form. See Gregory v. Woodbery, 53 Fla. 566, 43 So. 504, 507 (1907) (holding the failure to file the oath of office did not invalidate the official's public acts); State ex rel. Bisbee v. Bd. of County Canvassers, 17 Fla. 9, 16 (1878) (holding official's return of the oath bearing an unsigned jurat did not invalidate the official's public acts).
The de facto officer doctrine was "engrafted on the law for [reasons of] public policy and necessity, in order that the interest of the public and others dealing with the officer might be protected." Hawthorne, 28 So.2d at 593; see also Sawyer v. State, 94 Fla. 60, 113 So. 736, 744 (1927). As a practical matter, the public is entitled to rely upon the official acts of a person who is exercising the duties of an office and should not be required to inquire regarding an officer's qualifications. Consequently, "[t]he law validates the acts of de facto officers as to the public and third persons on the ground that, though not officers de jure, they are in fact officers whose acts public policy requires should be considered valid." Sawyer, 113 So. at 744. In other words, "[a] de facto officer's acts are as valid and binding upon the public or upon third persons as those of an officer de jure." Kane v. Robbins, 556 So.2d 1381, 1385 (Fla.1989) (on rehearing).
Accordingly, "Respondent's Motion to Vacate Order of March 7, 2008 as Void," "Respondent's Second Emergency Motion to Vacate Order of March 7, 2008 as Void as Referee Never Took the Loyalty Oath," "Respondent's Third Emergency Motion to Vacate Order of March 7, 2008 as Void as Five Justices of This Court Failed to Execute Proper Candidate's Oaths Prior to Retention Elections," "Respondent's Fourth Emergency Motion to Vacate Order of March 7, 2008 as Void as Six Justices of this Court Failed to Execute Proper Loyalty Oaths," "Respondent's Fourth Motion and Affidavit for Disqualification of All the Justices of the Florida Supreme Court," and "Respondent's Motion to Expedite Determination of his Pending Motions" are hereby denied on their merits.
It is so ordered.
QUINCE, C.J., and WELLS, ANSTEAD, PARIENTE, LEWIS, and BELL, JJ., concur.
NOTES
[1] On August 11, 2008, the United States District Court for the Northern District of Florida, Tallahassee Division, in Sibley v. Florida Bar, Case No. 4:08cv219-RH/WCS, rejected Sibley's contention that 4 U.S.C. sections 101 and 102 imposed a duty upon the justices of this Court or the referee which was not fulfilled. That court held section 101 did not require the prescribed oath to be executed in written form and that section 102 imposed a duty on the person administering the oath and not the person taking it. Further, it held that the oral investiture or "swearing-in" ceremony conducted when a Florida Supreme Court justice or judge serving on the bench in Florida takes office complied with the requirements of Article VI of the United States Constitution and 4 U.S.C. sections 101 and 102. We concur with and adopt the federal court's reasoning and analysis on this issue.
[2] Significantly, section 876.05 requires any person "who now or hereafter [is] employed by or who now or hereafter [is] on the payroll of the state" or any of its subdivisions to execute the prescribed loyalty oath. The section does not expressly require the person to execute a new and separate oath for each new position or office.