PER CURIAM.
In this workers’ compensation appeal, Claimant argues the Judge of Compensation Claims (JCC) erred when he failed to appoint an expert medical advisor (EMA) on his own motion after it was brought to his attention that there was a material disagreement in the opinions of health care providers as to whether Claimant had reached maximum medical improvement— a disagreement that Claimant timely suggested was sufficient to invoke the JCC’s obligation to appoint an EMA on his own motion. Alternatively, Claimant argues that if the JCC did not err by failing to appoint an EMA on his own motion, then her constitutional rights to due process and access to courts have been denied. For the reasons that follow, we reverse the JCC’s order and remand this matter for further proceedings.

Factual Background

In September 2008, Claimant injured her left ankle in a compensable accident. In the summer of 2011 a dispute arose as to whether Claimant was entitled to additional temporary partial disability benefits, and Claimant filed a petition for benefits asking for same on August 2, 2011.
Thereafter, on December 19, 2011, Claimant filed a notice of conflict in the medical opinions, asking that the JCC, on his own motion, appoint an EMA. Specifically, Claimant alleged there was a conflict regarding when she reached maximum medical improvement and what diagnostic tests and treatment or therapy were required to treat her compensable injury. By order of January 4, 2012, the JCC treated Claimant’s notice “as the Claimant’s Motion to Appoint Expert Medical Advisor” and granted the motion, thereby making Claimant “responsible for all costs associated with the EMA.” Claimant filed a motion for rehearing stating she did not file a motion for appointment of an EMA; rather, she specifically asked that the JCC do so on his own motion. The JCC denied the motion for rehearing. At the merits hearing, Claimant reiterated her argument that she had not requested appointment of an EMA; rather, she notified the JCC of a disagreement and asked for the appointment of an EMA on the JCC’s own motion, given the disagreement in medical opinions. As before, the JCC rejected the argument, and once again found the notice to be Claimant’s request for the appointment of an EMA.
The August 2011 petition for benefits was addressed at a March 19, 2012, merits hearing, without the benefit of an EMA opinion. At the conclusion of that hearing, the JCC denied Claimant’s entitlement to the claimed temporary partial disability benefits. This appeal followed.

Legal Background

Section 440.13(9), Florida Statutes (2008), is entitled “Expert Medical Advis- or.” The stated role of the EMA is “to assist the ... judges of compensation claims within the advisor’s area of expertise.” § 440.13(9)(a), Fla. Stat. (2008). The circumstances which dictate the appointment of an EMA are those instances in which “there is a disagreement in the opinions of the health care providers.” § 440.13(9)(c), Fla. Stat. In that instance, “the [JCC] shall, upon his or her own motion ..., order the injured employee to be evaluated by an [EMA].” Id. Further, “[i]f a[JCC], upon his or her own motion, finds that an [EMA] is needed to resolve the dispute, the carrier must compensate *1001 the advisor for his or her time.” § 440.13(9)(f), Fla. Stat.
This Court has not yet addressed the JCC’s mandatory statutory obligation to appoint an EMA when he or she becomes aware of a disagreement in the “medical evidence supporting the employee’s complaints or the need for additional medical treatment, or if two health care providers disagree that the employee is able to return to work”—and where, as here, it is clear that the party seeking the benefit of the appointment of an EMA has preserved the issue for appellate review. § 440.1S(9)(c), Fla. Stat. We do so now.

Analysis

Section 440.18(9)(c), by its terms, allows an employee, an employer, or a carrier to notify the JCC of a disagreement in the opinions of health care providers sufficient to warrant the appointment of an EMA. Upon notice and the presentation of evidence sufficient to manifest such a disagreement, the JCC is required to order, on his or her own motion, the employee be evaluated by an EMA. If the parties do not provide notice to the JCC, it is unrealistic, given a JCC’s caseload and his role of deciding the disputes and issues properly pled by the parties, to expect a JCC will become aware of a disagreement in any given case at a time when the evaluation can be done early enough so as not to unnecessarily delay the litigation process. Here, Claimant timely put the JCC on notice of the disagreement in medical opinions and asked the JCC to appoint an EMA on the JCC’s own motion, given this disagreement. The JCC determined that a disagreement sufficient to warrant the appointment of an EMA indeed existed. The JCC’s error was reading Claimant’s notice to be a request by Claimant that an EMA be appointed.
Statutory interpretation is a question of law, reviewed de novo. See Lombardi v. S. Wine & Spirits, 890 So.2d 1128, 1129 (Fla. 1st DCA 2004) (holding statutory interpretation is subject to de novo review). Interpretation of written pleadings is also reviewed de novo. See Dixon v. City of Jacksonville, 774 So.2d 763, 765 (Fla. 1st DCA 2000) (restating that construction of written instruments is reviewed de novo). Claimant’s notice did no more than bring to the JCC’s attention a disagreement in the opinions of the health care providers. In substance, Claimant’s filing was merely a request that the JCC take notice of his mandatory obligation to appoint an EMA under section 440.13(9)(c). At that point, it was the JCC’s statutory obligation to review the opinions and, if the JCC agreed that there was in fact a disagreement sufficient to require the appointment of an EMA, to direct on his own motion that the employee be evaluated. Section 440.13(9)(f) provides that in such an instance, where the JCC directs that the evaluation take place, it is the obligation of the carrier to compensate the EMA.
Based on our analysis there is no need to reach Claimant’s constitutional arguments. An appellate court, when presented with the possibility of reading a statute in a constitutional manner versus declaring it unconstitutional, has “a duty to construe the statute in such a way as to avoid conflict with the Constitution.” The Fla. Bar v. Sibley, 995 So.2d 346, 350 (Fla.2008).
Because the JCC erred in reading Claimant’s notice to be Claimant’s motion for the appointment of an EMA, we reverse the appealed order. On remand, the JCC shall, on its own motion, order Claimant be evaluated by the EMA and direct the carrier to pay for the evaluation. Thereafter, the JCC shall, in accord with sections 440.13(9)(c) and 440.25(4)(d), Flor *1002 ida Statutes, consider the opinion of the EMA in determining Claimant’s entitlement to the claimed temporary partial disability benefits.
REVERSED and REMANDED with instructions.
BENTON, THOMAS, and CLARK, JJ„ concur.