IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

ERIC PATRICK WRIGHT,

 Appellant,

v.

STATE OF FLORIDA,

 Appellee.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D15-4331

Opinion filed August 1, 2017.

An appeal from the Circuit Court for Duval County.
Tatiana Salvador, Judge.

Andy Thomas, Public Defender, and Danielle Jorden, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Robert "Charlie" Lee, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

 AFFIRMED.

MAKAR and M.K. THOMAS, JJ., CONCUR; WOLF, J., CONCURS WITH OPINION.

WOLF, J., concurring.

I concur that there is no legal reason to overturn appellant's conviction and 20-year mandatory minimum sentence for aggravated assault with a firearm. This case, however, is a classic example of how inflexible mandatory minimum sentences may result in injustices within the legal system that should not be tolerated. I, therefore, recommend that appellant apply for executive clemency pursuant to article IV, section 8 of the Florida Constitution and that the Governor and Cabinet act favorably upon this request.

At the time of the incident that led to the charges in this case, appellant was 24 years old with no prior record and had held the same job for 4 years. The charges arose from an incident where the victim barged, uninvited, into appellant's home. They had been former lovers and shared a child. Appellant asked the victim to leave the residence, and a struggle ensued. The victim was bigger than appellant and continued to refuse to leave. Appellant then drew a gun and fired one shot. It is undisputed that the gun was not fired directly at the victim and was fired in an attempt to get victim to leave. Based on these facts, appellant was convicted of aggravated assault with a deadly weapon without intent to kill. The jury found appellant discharged a firearm during the commission of the offense. The trial court, as required by law, sentenced appellant to 20 years mandatory minimum with the Department of Corrections. The trial judge stated she would like not to sentence

2

appellant to the mandatory minimum if she felt there was another option, stating she "[didn't] disagree that the defendant shouldn't be spending that kind of time in the Florida State Prison, but I, in my charge, I am bound by the law to do what the law says."

Unfortunately for appellant, the offense was committed prior to July 1, 2014. Aggravated assault was an enumerated offense pursuant to the 10-20-Life statute, and the trial court had absolutely no discretion not to impose the 20-year mandatory minimum.

Section 775.087(6), Florida Statutes (2014), was enacted effective July 1, 2014. The amendment to the 10-20-Life statute provides:

> Notwithstanding s. 27.366, the sentencing court shall not impose the mandatory minimum sentence required by subsection (2) or subsection (3) for a conviction for aggravated assault if the court makes written findings that:
>
> (a) The defendant had a good faith belief that the aggravated assault was justifiable pursuant to chapter 776.
>
> (b) The aggravated assault was not committed in the course of committing another criminal offense.
>
> (c) The defendant does not pose a threat to public safety.
>
> (d) The totality of the circumstances involved in the offense do not justify the imposition of such sentence.

Prior to the enactment of section 775.087(6), no exception was provided and trial courts were required to sentence defendants to the mandatory minimum sentence.

3

Here, the trial court determined that statute could not be retroactively applied and sentenced appellant to 20 years in prison.

The statute was again amended on July 1, 2016, to remove aggravated assault from the list of convictions for which the 10-20-Life statute applies. See § 775.087, Fla. Stat. (2016).

Based upon appellant's bad timing, the only relief that may be accorded to him from this inappropriate sentence is through the Governor and Cabinet.