DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**JEFFREY REININGER,**
Appellee.

No. 4D17-3604

[September 5, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lisa Porter, Judge; L.T. Case No. 13-000530-CF-10A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Deborah Koenig, Assistant Attorney General, West Palm Beach, for appellant.

Josh A. Howard of Law Office of Josh A. Howard, PLLC, Fort Lauderdale, for appellee.

CONNER, J.

This appeal involves the amendment of a sentencing statute between the date of a criminal offense and the sentencing date, and which version of the statute is the appropriate version to apply. The State appeals the trial court's interpretation of the sentencing statute here and its decision to apply the version of the statute in effect at the time of sentencing rather than the one in effect on the date of the offense. We agree with the State that the trial court applied the incorrect version of the statute.

*Background Information and Trial Procedure*

Reininger was charged with aggravated assault with a firearm, stemming from an incident in January 2013, when Reininger pulled a gun on a process servicer. A jury returned a verdict in June 2017 finding Reininger guilty as charged. Reininger was adjudicated guilty, a presentence investigation report was ordered, and sentencing was deferred.

Prior to sentencing, Reininger filed a motion for an alternative sentence. He argued that, although the 10-20-Life statute[1] in effect at the time the crime was *committed* included aggravated assault as an enumerated offense requiring a three-year minimum mandatory sentence, the statute had subsequently been amended, and, as of the date set for sentencing, no longer included aggravated assault as such an enumerated offense. The State responded that the amendment to the statute was not retroactive, and therefore, the court was required to sentence Reininger to the three-year minimum mandatory.

A sentencing hearing was held in October 2017. In determining which version of section 775.087 to apply for sentencing, the trial court looked to the language of the statute, which stated that "a person who is *convicted for* aggravated assault . . . shall be sentenced to a minimum term of imprisonment of 3 years if such person possessed a 'firearm' or 'destructive device' during the commission of the offense." § 775.087(2)(a)1., Fla. Stat. (2013) (emphasis added). Focusing on the term "convicted" in the statute, the trial court ruled:

> I understand the State's position. It is my duty to follow the law, interpret the statute, and clearly there is a distinction between the word "conviction" and "commission." If the Legislature intended for the minimum mandatory to apply based upon the commission date of the offense, they would have used the word "commission" and not the word "conviction." Mr. Reininger's conviction came after the law was changed, where the Legislature decided to remove the crime of aggravated assault as an enumerated offense for the purposes of the three-year minimum mandatory. . . . I am going to follow the letter of the law, which mandates a minimum mandatory based upon a conviction date, not a commission date.

The trial court then sentenced Reininger to a three-year term of probation, with certain conditions. The State gave notice of appeal.

*Appellate Analysis*

"The issue of whether [a statute] is applicable to cases pending at the time of its enactment is a pure question of law," and therefore, subject to *de novo* review. *Smiley v. State*, 966 So. 2d 330, 333 (Fla. 2007). Likewise,

---

[1] Section 775.087, Florida Statutes (2013).

the interpretation of a sentencing statute is also reviewed *de novo*. *See Paul v. State,* 129 So. 3d 1058, 1061 (Fla. 2013).

There is no question that the version of section 775.087 in effect on the date that Reininger committed the offense, January 2013, included aggravated assault as an enumerated offense to which a three-year minimum mandatory sentence was required. *See* § 775.087(2)(a), Fla. Stat. (2013). There is also no question that by the time Reininger was convicted (June 2017) and sentenced (October 2017) for the crime,[2] the offense of aggravated assault was removed from the list of enumerated offenses. § 775.087(2)(a), Fla. Stat. (2017). Therefore, the question posed in this case, is simply which version of the statute applies.

The trial court concluded that the statutory language "a person who is *convicted for* aggravated assault" indicated that the legislature intended that the statute in effect at the time of *conviction* was the proper statute to apply for sentencing. The trial court's interpretation was erroneous.

Article X, section 9, of the Florida Constitution, is commonly known as the "Savings Clause." *Horsley v. State,* 160 So. 3d 393, 406 (Fla. 2015). Our supreme court has expressly stated that "the purpose of the 'Savings Clause' is to require the statute in effect *at the time of the crime* to govern the sentence an offender receives for the commission of that crime." *Id.* (emphasis added).

Article X, section 9 states that "[r]epeal or amendment of a criminal statute shall not affect prosecution or punishment for any crime previously committed." Art. X, § 9, Fla. Const. A "criminal statute" has been defined as:

> "[A]n act of the Legislature as an organized body relating to crime or its punishment . . . defining crime, treating of its nature, *or providing for its punishment . . .* [or] deal[ing] in any way with crime or its punishment."

---

[2] There were two other versions of section 775.087 that went into effect between the date Reininger committed the offense and the date on which he was convicted. Both versions also listed aggravated assault as an enumerated felony for the three-year minimum mandatory, however, both gave the trial court the discretion to not sentence a defendant to the three-year minimum mandatory if it found certain factors. *See* §§ 775.087(6), Fla. Stat. (2014) (eff. June 20-30, 2014), 775.087(6), Fla. Stat. (2014) (eff. July 1, 2014-June 30, 2016).

*Smiley*, 966 So. 2d at 337 (alterations in original) (emphasis added) (quoting *Washington v. Dowling*, 109 So. 588, 591 (1926)).  Therefore, a sentencing statute prescribing the punishment for a crime, such as section 775.087, qualifies as a "criminal statute" for purposes of applying Article X, section 9.

Additionally, "Florida courts have repeatedly held that this prohibition on retroactive application of statutes applies only to statutes that effect *substantive* change in the law; it has no application to changes in the law that are merely *procedural* or *remedial*."  *Grice v. State*, 967 So. 2d 957, 960 (Fla. 1st DCA 2007) (emphasis in original).  Changes to statutes affecting the sentencing for a criminal offense are substantive changes.  *Id.* (describing a change as procedural "rather than of substance" because "[i]t does not relate to the elements of an offense *or the punishment therefor*" (emphasis added)).

Based on Article X, section 9, "Florida law provides that the punishment in effect at the time of the crime controls the penalty at sentencing.  In fact, retroactive application of an amended or repealed statute affecting prosecution or punishment is unconstitutional."  *State v. Pizarro*, 383 So. 2d 762, 763 (Fla. 4th DCA 1980) (internal citation omitted).  This is true, under Article X, section 9 of the Florida Constitution, regardless of whether the amendment allows for a more favorable result to the defendant.  *See Hayes v. State*, 452 So. 2d 656, 657 (Fla. 2d DCA 1984) ("This provision [Article X, section 9] has been interpreted to mean that a defendant is not entitled to the benefit of a lesser sentence if the legislation reducing the statutory sentence is enacted after defendant commits the crime.").  Therefore, it is well-settled that retroactive application of a sentencing statute is unconstitutional.

"Wherever possible, statutes should be construed in such a manner so as to avoid an unconstitutional result."  *State v. Jefferson*, 758 So. 2d 661, 664 (Fla. 2000); *see also Fla. Bar v. Sibley*, 995 So. 2d 346, 350 (Fla. 2008) ("To the extent possible, courts have a duty to construe a statute in such a way as to avoid conflict with the Constitution." (citing *State v. Gale Distribs.*, 349 So. 2d 150, 153 (Fla. 1977))).  If we were to construe the version of section 775.087 in effect at the time of conviction to apply to sentencing, rather than the version in effect at the time the crime was committed, such construction would violate Article X, section 9, and therefore, be unconstitutional.  *Cf. Smiley*, 966 So. 2d at 337 ("Therefore, article X, section 9 of the Florida Constitution makes it constitutionally impermissible for section 776.013 to receive retroactive application.").

4

Judge Wolf's concurring opinion in *Wright v. State*, 225 So. 3d 914 (Fla. 1st DCA 2017), is instructive, specifically as to the amendment and application of section 775.087. There, he discussed the intermediate amendment to section 775.087, where the minimum mandatory for aggravated assault was made discretionary. *Id.* at 915 (Wolf, J., concurring). He explained that the fact that the defendant did not have the benefit of the discretionary version of the statute was a matter of "bad timing" for the defendant, since "the offense was *committed* prior to [the amendment to section 775.087]." *Id.* (emphasis added). Although not directly analyzing an argument of which version of the statute to apply, the First District affirmed the sentence based on the version of the statute in effect at the date of the offense. *Id.*

Therefore, the version of section 775.087 under which Reininger should be sentenced is the one in effect on the date that he committed the crime. Since that version clearly included aggravated assault as an enumerated offense carrying a three-year minimum mandatory sentence, the trial court was required to impose the mandatory minimum sentence. *See State v. Calzada-Padron*, 708 So. 2d 287, 287 (Fla. 2d DCA 1996) ("Since the appellee in the instant case was convicted of one of the enumerated felonies in the statute and had in his possession a firearm, the trial court *was required to sentence him to three years in state prison* as the minimum sentence" (emphasis added)). We reverse and remand with instructions that the trial court sentence Reininger in accordance with this opinion.

*Reversed and remanded with instructions.*

LEVINE and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**