# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D20-2027

_____

ABM INDUSTRIES, INC. and
ACE/ESIS,

  Appellants,

  v.

MARITZA VALENCIA,

  Appellee.

_____

On appeal from an order of the Office of the Judges of
Compensation Claims.
Margret G. Kerr, Judge.

Date of Accident: May 10, 2019.

September 29, 2021

KELSEY, J.

  Although the issue on appeal arises in a workers'
compensation case, it can happen in other contexts. Appellant, the
Employer/Carrier, raised a defensive argument, together with a
second argument that would apply only if the tribunal rejected the
first argument. This appeal arises because after the Judge of
Compensation Claims rejected the E/C's first argument, it failed to
address the second, contingent argument, which was well
preserved and had merit. We find that this was error, and reverse.

Claimant sought medical and indemnity benefits following a compensable workplace accident. The E/C authorized Dr. Rosabal to treat her. Dr. Rosabal did not think surgery was necessary, and released Claimant back to work. Claimant sent the adjuster a request for a one-time change of physician under section 440.13(2)(f), Florida Statutes (2018), identifying Dr. Lazzarin as her choice of doctor. The E/C's adjuster first received the request on October 11, 2019, but did not respond to it until October 24, naming a third doctor as the one-time change physician. The E/C argued that its action was timely because Claimant's request for a one-time change was improperly faxed directly to the adjuster and not to counsel, despite the E/C's counsel's having directed that all communications be sent to counsel. Claimant saw Dr. Lazzarin before the E/C responded to the one-time-change request. Dr. Lazzarin recommended surgery and physical therapy. Under these circumstances, the E/C's first argument was that Dr. Lazzarin was not authorized because the E/C timely provided a different doctor in response to Claimant's one-time-change request.

The E/C's second, contingent argument was that *if* Dr. Lazzarin was deemed authorized—i.e., if the E/C's response to the one-time-change request was late—then there existed a conflict in the opinions of Drs. Rosabal and Lazzarin requiring appointment of an Expert Medical Advisor to resolve the conflict. The E/C asserted the EMA argument in a pretrial motion to bifurcate, explaining the logical conundrum; in a pretrial motion for appointment of an EMA; in its trial memorandum; in oral argument at the trial; and in its motion for rehearing renewing its request for an EMA. It was well preserved. *Steinberg v. City of Tallahassee*, 186 So. 3d 61, 63–64 (Fla. 1st DCA 2016) (holding timely notice of conflicting medical opinions preserves for appeal a challenge to JCC's failure to appoint an EMA) (citing *Banuchi v. Dep't of Corr.*, 122 So. 3d 999, 1001 (Fla. 1st DCA 2013)).

The JCC rejected the E/C's argument about the one-time change, finding in the original final judgment that the E/C's response was late and therefore Claimant was entitled to her designated doctor, Dr. Lazzarin. His opinions were admitted into evidence along with those of Dr. Rosabal. The JCC awarded Claimant medical and indemnity benefits, but did not address the EMA request in the original judgment. On the E/C's motion for

2

rehearing, the JCC rendered an amended judgment nunc pro tunc to the original judgment. In this amendment, the JCC reasoned that Dr. Lazzarin was not adjudicated to be authorized until entry of the final judgment, and therefore there was no dispute requiring or authorizing an EMA at any time before or during the final hearing. The JCC reasoned as follows:

> The dispute [between physician opinions] must be present when the request is made. In this case, there was no dispute present because through the end of the Final Hearing, the E/C had not agreed to authorize Dr. Lazzarin, but rather claimed he was not an authorized physician. Only when the Amended Final Merits Order was entered did Dr. Lazzarin become authorized by law. As a result, there was no dispute either before or during the Final Hearing which could justify the appointment of an EMA.

This reasoning is flawed, as a matter of both logic and law. Logically, the JCC's labor was incomplete until she addressed the E/C's well-preserved, contingent argument that *if* Claimant's choice of Dr. Lazzarin was valid under the circumstances, then Dr. Lazzarin was authorized, his opinion conflicted with Dr. Rosabal's, and an EMA was required. The instant the JCC determined that Dr. Lazzarin was authorized, that ruling retroactively characterized his role as that of an authorized physician, requiring the JCC to address the EMA request in light of the record conflict between the opinions of Drs. Rosabal and Lazzarin. *See Russell v. Orange Cnty. Pub. Schs. Transp.*, 36 So. 3d 743, 745–46 (Fla. 1st DCA 2010) (holding JCC erred in failing to appoint EMA to resolve conflict between deauthorized previous physician and the successor authorized physician; authorization status need not exist at the time of the benefits hearing).

In short, Dr. Lazzarin counted as an authorized provider, and because his opinions conflicted with Dr. Rosabal's, the JCC was required to appoint an EMA to resolve the conflict. *See* § 440.13(9)(c), Fla. Stat. (mandating that JCC appoint an EMA when a disagreement exists between the opinions of two healthcare providers); *AT&T Wireless v. Frazier*, 871 So. 2d 939, 940 (Fla. 1st DCA 2004) (holding appointment of EMA mandatory

3

once JCC is made aware of conflict in medical evidence, even if EMA was not requested by either party and conflict becomes apparent only after merits hearing has begun); *Palm Springs Gen. Hosp. v. Cabrera*, 698 So. 2d 1352, 1356 (Fla. 1st DCA 1997) (holding whether to appoint EMA is not within JCC's discretion). In light of this disposition, we find it unnecessary to address the E/C's second argument on appeal.

Accordingly, we REVERSE that portion of the judgment awarding indemnity and medical benefits (other than the authorization of Dr. Lazzarin), and REMAND for the appointment of an EMA and for further proceedings.

JAY and NORDBY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Lynne M. Wilkerson of Litchfield Cavo, LLP, Fort Lauderdale, for Appellants.

Mario R. Arango of DeVarona, Arango, & Weinstein, LLC, Miami, for Appellee.