DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DAVID LANG OAKES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2025-2758

[June 3, 2026]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Michael James Linn, Judge; L.T. Case No. 562022CF001193AXXXXX.

Daniel Eisinger, Public Defender, and Jeffrey L. Anderson, Assistant Public Defender, West Palm Beach, for appellant.

James Uthmeier, Attorney General, Tallahassee, and Marcus Russell Kelly II, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his convictions and sentences for sexual battery of a child under the age of 12 and lewd and lascivious molestation. He raises three arguments. First, the defendant argues the trial court erred in admitting child hearsay. In his second and third arguments, he raises the propriety of a six-person jury for his offenses. Specifically, the defendant argues he was entitled to a twelve-person jury either because he was on trial for a capital sexual battery or because the sixth and fourteenth amendments to the United States Constitution require it. We disagree and affirm on all issues.

We write to address his claims he was entitled to a twelve-person jury, both with respect to the capital nature of the sexual battery charge and the U.S. Constitution. As to the capital nature of the sexual battery charge, the defendant requested a twelve-person jury before trial. The defendant acknowledged that section 794.011(2)(a), Florida Statutes, did not provide for the death penalty prior to the 2023 amendment. However,

the defendant argued "it is still a capital case," mandating life. The trial court denied the request.

The trial proceeded with six jurors. The jury found the defendant guilty of both offenses. The trial court sentenced the defendant to consecutive terms of life in prison.

The defendant argues he was entitled to a twelve-member jury because "sexual battery by a person" eighteen or older "on a person less than [twelve] years of age" is a capital felony. Thus, even where the death penalty was not available or sought, the defendant was entitled to a twelve-member jury.

The State responds that the death penalty was not legally available for capital sexual battery in this case because the offense predated the 2023 statutory amendment. Because the offense was not a capital offense, a twelve-member jury was not required. *See State v. Hogan*, 451 So. 2d 844, 845–46 (Fla. 1984) (opining "[s]exual battery of a child, therefore, while still defined as a capital crime by the legislature, is not capital in the sense that a defendant might be put to death" and "a twelve-person jury is not required" under same) (citation modified).

We review de novo the trial court's interpretation of the sentencing statute. *See State v. Reininger*, 254 So. 3d 996, 998 (Fla. 4th DCA 2018) (citing *Paul v. State*, 129 So. 3d 1058, 1061 (Fla. 2013)).

We hold the trial court did not err in determining the defendant was not entitled to a twelve-member jury. *Hogan* expressly approved six-member juries for the charge of sexual battery of person under eleven as a capital case because death was not a possible penalty. *Hogan*, 451 So. 2d at 845–46.[1] But *Hogan* predates the 2023 statutory amendment to section 794.011(2)(a). *See also Koonce v. State*, 425 So. 3d 6, 12–13 (Fla. 4th DCA 2025) (reaching the same conclusion because the crimes were committed prior to the amendment of section 794.011(2)(a)).[2]

---

[1] The version of the sexual battery statute discussed in *Hogan* referred to "a person 11 years of age or younger." *See* § 794.011, Fla. Stat. (1981).

[2] *See also Bartels v. State*, 410 So. 3d 21, 23–24 (Fla. 4th DCA 2025) (finding no fundamental error in seating a six-person jury for the same offense where defendant failed to request a twelve-person jury). *But see id.* at 28 (Artau, J., concurring) (suggesting the defendant was constitutionally entitled to a twelve-person jury had the issue been preserved).

Nevertheless, the defendant argues that, because the legislature amended the statute to provide for the death penalty for capital sexual battery, the legislature never intended capital sexual battery to be treated differently from other capital offenses. We disagree. We are bound by *Hogan* and *Koonce*. Prior to the statute's amendment, the defendant was not entitled to a twelve-person jury because the death penalty was not an option.

Next, the defendant claims he was entitled to a twelve-person jury as guaranteed by the United States Constitution. He claims section 913.10, Florida Statutes, authorizing six-member juries in non-capital criminal cases is facially unconstitutional. *See* § 913.10, Fla. Stat.

The Florida Rules of Criminal Procedure authorize a twelve-member jury panel for capital criminal cases and a six-member jury panel for all other criminal cases. *See* Fla. R. Crim. P. 3.270. Moreover, we have previously held the defendant is not constitutionally entitled to a twelve-person jury under the circumstances presented in this case. *See Guzman v. State*, 350 So. 3d 72, 73 (Fla. 4th DCA 2022), *rev. denied*, No. SC2022-1597, 2023 WL 3830251 (Fla. June 6, 2023), *cert. denied*, 144 S. Ct. 2595, 219 L. Ed. 2d 1247 (U.S. May 28, 2024). We therefore affirm.

*Affirmed.*

GROSS and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely-filed motion for rehearing.**

3